# BOTTINI & BOTTINI, INC.

7817 IVANHOE AVENUE, SUITE 102
LA JOLLA, CALIFORNIA  92037

---

Francis A. Bottini, Jr.

writer's direct:  858.926.2610
fbottini@bottinilaw.com

July 8, 2020

<u>Via ECF</u>
**Honorable Jacqueline S. Corley**
United States Magistrate Judge
District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

> Re:   Master File No. 3:20-cv-03131-JSC, *In re California Gasoline Spot Market Antitrust Litigation*

**Dear Judge Corley**,

Pursuant to the July 1, 2020 Stipulation and Order regarding Fed. R. Civ. P. 23(g)(3) Interim Class Counsel Applications, ECF No. 68, Bottini & Bottini, Inc., counsel for Plaintiff Accurate Testing & Inspection, LLC in Case No. 3:20-CV-03483, respectfully submits this letter brief in support of the appointment of lead counsel in the above-titled matter.   For the reasons stated herein, Accurate Testing & Inspection LLC supports the application of the law firms of Cotchett Pitre & McCarthy LLP and Saveri & Saveri Inc. as Co-Lead Counsel.  Should the court choose to appoint an executive committee, Accurate Testing & Inspection requests the appointment of Bottini & Bottini to such committee.

   I.   **ARGUMENT**

We believe that, under the facts of this case, the best interests of class members would be served by the appointment of Cotchett Pitre & McCarthy LLP ("Cotchett") and Saveri & Saveri, Inc. ("Saveri").

The Court may, pursuant to Federal Rule of Civil Procedure 23(g)(3), "'designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Bartling v. Apple Inc.*, 2018 WL 4804735, at *1 (N.D. Cal. Apr.

Application for Appointment as Interim Counsel
July 8, 2020
Page 2

27, 2018). "'Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.'" *Id.* (citing *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (in turn citing Manual for Complex Litigation (Fourth) § 21.11 (2004))).

Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1). *See, e.g.*, *Bartling*, 2018 WL 4804735, at *1. Under that section, the court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." FED. R. CIV. PROC. 23(g)(1)(A); *Bartling*, 2018 WL 4804735, at *1. The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. PROC. 23(g)(1)(B); *Bartling*, 2018 WL 4804735, at *1.

The experience, professionalism, and inclusive approach of Cotchett and Saveri are well known to those of us who have practiced in this field for over 25 years. I have personally worked with Joe Cotchett, Guido Saveri, Rick Saveri, and Cadio Zirpoli on numerous large, high-stakes antitrust cases and have nothing but the utmost respect and admiration for these outstanding attorneys. Before forming my own firm 13 years ago, I was a partner at Wolf Haldenstein Adler Freeman & Herz LLP, which served as Co-Lead Counsel with the Saveri firm in *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL 1486 (N.D. Cal.). That case was litigated for over 6 years before Judge Phyllis Hamilton and resulted in a $330 million recovery for the class. We also worked very closely with the Cotchett firm in that case, where it established and ran the document depository among other tasks.

In high-stakes, contentious litigation such as the present antitrust class action, it is imperative that lead counsel appointed by the Court have the respect and support of other counsel. While careful to avoid duplication of efforts and expense, Cotchett and Saveri are fair and draw upon, as necessary, the skills and expertise of other counsel to ensure the best and most efficient result in the case. This approach is in the best interests of the class members.

In short, having personally worked closely for many years with Cotchett and Saveri, I unconditionally recommend and support the appointment of these firms as interim co-lead counsel in this case. These two firms meet all of the Rule 23(g) factors

necessary to serve as interim class counsel.  First, Cotchett and Saveri were early filers of this antitrust case. Their complaint demonstrates the work they did in identifying and investigating potential claims in the action.  Second, Cotchett and Saveri's collective experience in handling antitrust class actions is considerable.  Both of these firms are located in the San Francisco Bay Area and have over 100 years of antitrust litigation combined.  Finally, antitrust class actions require significant litigation expenses. Cotchett and Saveri have the resources necessary to ensure a vigorous prosecution of the antitrust claims in these consolidated actions.

It is also significant that Cotchett has experience litigating antitrust actions in the energy industry, which makes it particularly well-situated to serve in a leadership capacity here.  For example, Cotchett litigated against natural gas companies for manipulating energy prices, which misconduct led to the 2000-2001 California energy crisis, during which consumers were overcharged and the entire market was disrupted, leading to rolling blackouts throughout California. *See In re Natural Gas Antitrust Cases, I, II, III, & IV* (Cal. Super. Ct. San Diego Oct. 16, 2002).

If this Court is inclined to create a leadership structure with a plaintiffs' steering or executive committee, Bottini & Bottini respectfully requests that it be considered for one of these positions as it is a well-qualified, nationally respected class action firm that also meets the 23(g) requirements detailed above.

In addition to its significant antitrust experience, including the *In re DRAM Antitrust Litig.* action mentioned *supra*, Bottini & Bottini has served or is currently serving in leadership positions in the following cases pending in the San Francisco Bay Area:  *In re Zoom Video Commc'ns, Inc. Privacy Litig.*, Master File No. 20-CV-02155 (N.D. Cal.) (Koh, J.) (June 30, 2020 Order appointing Bottini & Bottini to Steering Committee);  *In re Yahoo! Inc. Shareholder Litig.*, Lead Case No. 17-CV-307054 (Superior Court for the State of California, County of Santa Clara) (Bottini & Bottini was Co-Lead Counsel in shareholder action involving the largest corporate data breach in U.S. history; case settled for $29 million in 2019);  *In re Facebook, Inc. Shareholder Derivative Privacy Litigation*, No. 4:18-CV-01792-HSG (N.D. Cal.) (Bottini & Bottini is serving as a member of Plaintiffs' Executive Committee*); In re Eventbrite, Inc. Securities Litigation*, Lead Case No. 19CIV02798 (Superior Court for the State of California, County of San Mateo) (by Order dated June 25, 2019, Judge Weiner appointed Bottini & Bottini and Cotchett Pitre & McCarthy Lead Counsel); *Wolther v. Maheshwari et al.* (*In re Veeco Instruments Shareholder Litig.*), Lead Case No. 18CV329690 (Superior Court for the State of California, County of Santa Clara) (Bottini & Bottini, Inc. has been appointed as Lead Counsel by Judge Brian Walsh);  Bottini & Bottini

Application for Appointment as Interim Counsel
July 8, 2020
Page 4

is capable and willing to devote the significant time, expertise, and financial investment required to aggressively prosecute this action to ensure the best result achievable for the class. The firm's attorneys have a proven record of success in leadership roles. Bottini & Bottini has the experience and resources needed to support class counsel with the successful prosecution of this important case moving forward and is committed to doing so.

## II. CONCLUSION

For the reasons stated herein, Plaintiff Accurate Testing & Inspection LLC supports the appointment of the Cotchett and Saveri firms as Co-Lead interim class counsel. If this Court is inclined to create a leadership structure with a plaintiffs' steering or executive committee, Bottini & Bottini respectfully requests that it be considered for one of these positions.

          Very truly yours,

          s/ Francis A. Bottini, Jr.

          for BOTTINI & BOTTINI, INC.