

July 8, 2020

The Honorable Jacqueline S. Corley
450 Golden Gate Avenue
Courtroom E – 15th Floor
San Francisco, CA 94102

    **Re:**    Application for Interim Lead Counsel in *In re California Gasoline Spot Market Antitrust Litigation*, Master File No. 20-cv-03131-JSC

Your Honor:

    Girard Sharp LLP respectfully submits this application for appointment as interim co-lead counsel under Federal Rule of Civil Procedure 23(g) on behalf of a proposed class of California gasoline purchasers.

    Our firm filed *Fricke-Parks Press, Inc., et al. v. SK Energy America, Inc., et al.*, Case No. 3:20-cv-03148 (N.D. Cal.), on May 7, 2020, the day after the first-filed *Pacific Wine Distributors* complaint was filed. Girard Sharp and Hausfeld LLP (counsel for Pacific Wine Distributors) recognized, as the law firms representing plaintiffs in the first two filed cases, that working together from the outset would best advance the interests of our clients and other members of the proposed class. Over the past two months our firms have worked to organize and develop the case, including by consulting with industry and economic experts to aid in the preparation of an amended complaint. Girard Sharp has the experience, creativity, resources and professionalism to guide this action to a successful outcome, as further detailed in the firm's resume (attached as Exhibit A). We respectfully ask that the Court appoint our firm to serve as interim co-lead counsel so that we may continue to build on the progress we have made and lead this important case for class certification and trial.

    **1.**    **A Streamlined Leadership Structure Will Promote the Efficient Prosecution of the Case**

    There are two primary defendants in this case, and we believe that the interests of the class will be best served by a streamlined leadership structure with two co-lead counsel firms, a structure adopted by other courts in this district in antitrust cases. *See, e.g.*, *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (appointing co-lead counsel in consolidated antitrust actions); *In re Korean Ramen Antitrust Litig.*, No. 3:13-cv-04115-WHO (N.D. Cal.) (appointing two co-lead firms to represent a class of direct purchasers in price-fixing case); *Kamakahi v. Am. Soc. for Reprod. Med.*, No. C 11-01781 SBA, 2012 WL 892163, at *3 (N.D. Cal. Mar. 14, 2012) (same).

    Coordination with the California Attorney General's Office (AG), which filed *California v. Vitol, Inc.*, Case No. C20584456 (Cal. Super. Ct., San Francisco Cty.), will also be important.

To: Hon. Jacqueline S. Corley
Re: *In re California Gasoline Spot Market Antitrust Litigation*
July 8, 2020
Page 2

Particularly given the overlap between the AG action and this federal action, appointing a small number of firms to lead the federal case as interim co-lead counsel will ensure that the class speaks with a single voice and the case is prosecuted efficiently and effectively. *See, e.g.*, *Kamakahi*, 2012 WL 892163, at *2-3 (appointing co-lead counsel but declining to appoint an executive committee in consolidated antitrust actions); *In re TFT-LCD Antitrust Litig.*, No. 07-1827-SI (N.D. Cal.), Dkt. No. 224 (appointing interim co-lead counsel for direct and indirect purchasers); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-0cv-05944-JST, Dkt. No. 5518 (appointing interim co-lead counsel for indirect purchaser "repealer state" subclass); *In re Static Random Access (SRAM) Antitrust Litig.*, No. C 07-01819 CW (N.D. Cal.), Dkt. No. 72 (appointing one firm as lead counsel for direct purchasers).

We acknowledge the skill and experience of other highly qualified firms in this litigation, several with specialized areas of expertise that may be particularly helpful. If appointed and if authorized by the Court, we would propose to draw upon the experience of a small group of other firms when necessary, with strong controls in place to ensure efficiency and lack of duplication. *See, e.g.*, *In re: Interest Rate Swaps Antitrust Litig.*, No. 16-MC-2704 (PAE), 2016 WL 4131846, at *4 (S.D.N.Y. Aug. 3, 2016) (designating firms to be "on-call" "at interim co-lead counsel's sole discretion, as a resource.").

To promote efficiency and transparency, we support use of a timekeeping protocol that courts in this district have entered, under which class counsel submit periodic time and expense reports, and only time and expenses expressly authorized in advance by interim class counsel are compensable. *See, e.g.*, *In re Intuit Free File Litig.*, No. 19-cv-02546-CRB (N.D. Cal.), Dkt. No. 75; *In re Inductors Antitrust Litig.*, No 18-cv-00198-EJD (N.D. Cal.), Dkt. No. 141-1. Submitting time and expense reports ensures there will be no surprises at the end of the case when class counsel's fee application is submitted.

## 2. Girard Sharp Has Done Substantial Work to Advance This Case

Before filing the *Fricke-Parks* complaint, Girard Sharp investigated the facts surrounding the alleged scheme to drive up and maintain the price of refined gasoline in California. Among other things, our attorneys have analyzed the differential between the average prices of California and national gasoline prices during the relevant time period, as well as the report concerning the unexplained price differential prepared by California Petroleum Market Advisory Committee (PMAC) and subsequent reports from PMAC members.

Since filing, we have worked with Hausfeld to advance the litigation, including by leading early case management matters with other plaintiffs' counsel and preparing the organizational stipulations filed with the Court. Dkt. Nos. 67-68. Together with Hausfeld, we negotiated a waiver of service with the foreign defendants based in South Korea and Europe. Dkt. No. 37. Girard Sharp took the lead in drafting early case management documents, including an ESI protocol and a document preservation letter targeting the communications and materials identified by our industry consultants as likely being of central importance in the prosecution of Plaintiffs' claims. And we have continued our factual investigation, consulting with oil and gas industry and commodities trading experts, and with an experienced antitrust econometrician who

To: Hon. Jacqueline S. Corley
Re: *In re California Gasoline Spot Market Antitrust Litigation*
July 8, 2020
Page 3

is prepared to serve as our expert in this matter. In addition, together with Hausfeld, we have developed a preliminary plan for coordinating this action with the AG action and prepared early Rule 34 requests seeking documents already produced to the AG and other government entities.

### 3. **Girard Sharp Has the Expertise and Knowledge to Prosecute This Case**

Girard Sharp has successfully led complex antitrust class actions and obtained favorable results for our clients and the classes they represent in this district and across the United States. For instance, the firm served as co-lead counsel in *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO (N.D. Cal.) (precedent-setting $104.75 million settlement on the eve of trial on behalf of a certified class of end-purchaser of prescription drugs), and as liaison counsel in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) (more than $400 million in recoveries), and currently serves as co-lead counsel in *In re Restasis (Cyclosporine Opthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), — F.R.D. —, 2020 WL 2555556, at *35 (E.D.N.Y. May 5, 2020) (order granting class certification and finding Girard Sharp and its co-counsel "extremely qualified and able to represent the certified class").

Girard Sharp also serves on the end-payer plaintiffs' steering committee in *In re Generic Pharmaceuticals Pricing Antitrust Litigation* (E.D. Pa.), where the firm's lawyers play key roles in managing discovery of over 30 defendants. The firm has also participated in discovery, briefing, and key pretrial work in *In re Capacitors Antitrust Litigation* (N.D. Cal.), *In re Transpacific Passenger Air Transportation Antitrust Litigation* (N.D. Cal.), and *In re Nexium Antitrust Litigation* (D. Mass.). Last year, in a consumer case against Google that Girard Sharp led, Judge Freeman recognized that "the quality of their work is reflected in the results achieved for the class." *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2019 WL 6622842, at *12 (N.D. Cal. Nov. 12, 2019).

Our firm has valuable experience pursuing private antitrust claims alleging price manipulation in the oil and gas industry. We previously served on the leadership team in antitrust litigation against various natural gas companies for manipulating the California natural gas market, helping to achieve settlements of nearly $160 million. *In re Natural Gas Antitrust Cases I, II, III and IV*, J.C.C.P. No. 4221 (Cal. Super. Ct., San Diego Cty.). Our varied experience in prosecuting complex antitrust matters positions us well to lead this case.

If appointed, Girard Sharp's team will be led by name partner Dena Sharp, who previously served as co-lead counsel in the *Lidoderm* antitrust litigation, and currently serves as co-lead counsel in the *Restasis* antitrust litigation. She is also co-lead counsel in *In re Pacific Fertility Center Litigation,* currently pending before this Court, and in *In re Juul Labs Inc. Marketing, Sales Practices, and Products Liability Litigation*. Ms. Sharp is a member of the American Law Institute and the current co-chair of the Lawyer Representatives to the Ninth Circuit Judicial Conference for the Northern District of California. The National Law Journal for two consecutive years has recognized Ms. Sharp as one of a handful of "Elite Women of the Plaintiffs' Bar" nationwide who "have consistently excelled in high-stakes matters on behalf of plaintiffs over the course of their careers." Ms. Sharp will be supported by skilled and dedicated lawyers at the firm.

To: Hon. Jacqueline S. Corley
Re: *In re California Gasoline Spot Market Antitrust Litigation*
July 8, 2020
Page 4

Jordan Elias regularly represents plaintiffs in antitrust and other class actions. He led the briefing effort in *In re Cipro Cases I & II*, 61 Cal. 4th 116 (2015), where the California Supreme Court reversed the dismissal of Cartwright Act claims arising from a pharmaceutical "pay-for-delay" agreement. Mr. Elias has also drafted briefs and pleadings of all kinds on behalf of plaintiffs in several cartel cases in this district, including in the *TFT-LCD*, *Capacitors*, and *SRAM* antitrust MDLs. Reflecting his expertise with the Cartwright Act, Mr. Elias also co-authored the chapter on antitrust standing, causation and remedies in California State Antitrust and Unfair Competition Law (Matthew Bender 2019). He joined Girard Sharp in 2015 and was elected to the American Law Institute in 2017.

Scott Grzencyzk focuses his practice on antitrust litigation, including *In re Restasis Antitrust Litigation* and *In re Generic Pharmaceuticals Antitrust Litigation*. He has been instrumental in achieving precedent-setting recoveries, including the $104.75 million settlement in the *Lidoderm* matter, where he briefed class certification, summary judgment, and other pretrial matters. Mr. Grzenczyk also played a key role in the firm's efforts as liaison counsel in *In re Hyundai and Kia Fuel Economy Litigation*, where the class recovered over $200 million.

Additional information about our firm's qualifications appears in the firm's resume, attached as Exhibit A.

4. **The Firm Will Commit the Resources Necessary to Advance the Interests of Class**

Girard Sharp has the resources to prosecute this litigation. We have an established record of devoting whatever time and resources are necessary to effectively litigate the case, no matter how challenging. *See, e.g.*, *Skold v. Intel Corp.*, No. 1-05-cv-039231 (Cal. Super. Ct., Santa Clara Cty.) (settled on first day of trial after a decade of litigation) ("Class Counsel invested an incredible amount of time and costs . . . . Simply put, Class Counsel earned their fees"); *Billitteri v. Securities Am., Inc.*, 2011 WL 3585983, at *7 (N.D. Tex. Aug. 4, 2011) ("Class counsel has incurred significant expenses and provided thousands of hours of diligent legal work on this case with the very real possibility of no recovery or a very limited recovery.").

\* \* \*

We thank the Court for considering this application and would welcome the opportunity to lead this litigation.

Respectfully submitted,

/s/ Dena C. Sharp

Dena C. Sharp
**Girard Sharp LLP**