# JENKINS MULLIGAN & GABRIEL LLP

10085 CARROLL CANYON ROAD, SUITE 210
SAN DIEGO, CA 92131
TEL: 858-527-1792

July 8, 2020

Hon. Jacqueline Scott Corley                    VIA ECF ONLY
Magistrate Judge
U.S. District Court
Northern District of California

**RE:  Poe Valley LLC v. SK Energy et. al. ; 3:20-cv-04228-JSC;**
**Application For Interim Lead Counsel**

Dear Judge Corley:

Pursuant to this Court's Stipulation and Order on Filing Fed. R. Civ. P. 23(g) (ECF No. 12), Jenkins Mulligan & Gabriel LLP ["JMG"] and the Howard Law Firm (HLF) (collectively "our firms")  write to the Court in support of the application Cotchett, Pitre & McCarthy LLP ("CPM") and Saveri & Saveri, Inc. ("Saveri") to be appointed interim Co-Lead counsel.

## **SUMMARY**

We write to the Court in the spirit of "private ordering" and explain why we support their application to be Co-Lead Interim Counsel, where there are applications of other highly qualified counsel that essentially seek the same leadership position.

Second, we write to assist the Court by addressing factors that in our experience should inform the Court's deliberations. Based on our forms' principals' 80 plus years of work in antitrust and complex litigation, we also believe that the putative class would greatly benefit from structure with a plaintiffs' steering or executive committee. This structure allows Co-Lead Counsel to order and focus on the most important work, while placing the best available counsel on each different issue.

Hon. J. Corley
July 8, 2020
Page 2

Inevitably, there will be circumstances, including efforts from any large stakes defendant to gain advantage during simultaneous discovery, briefing and completion of case work. While defense counsel typically can draw on deep resources in terms of counsel and overall defense, Plaintiffs' Committees even the field. A committee structure allows the plaintiffs' counsel to make sure there is adequate time and resources while a case heats up all the way to trial, if that proves necessary.

If the Court agrees that a committee structure would be acceptable, our two firms respectfully request that the Court appoint Derek G. Howard to an executive committee position for the purpose of the prosecution of the case consistent with F.R. Civ. P. 1. Most recently, in *In re Apple Device performance Litigation* MDL No. 2827, after a contested process, CPM was appointed as a Co-Lead Interim Counsel. Our firms were both appointed by Judge Davila as Steering and Executive Committee Members. Judge Davila also appointed Mr. Howard as the Liaison counsel with the state filed cases.

Moreover, dating back decades, both of our firms have worked closely with the Cotchett and Saveri firms in significant antitrust and complex litigation action matters, including *In re W. States Wholesale Natural Gas Antitrust Litig.,* (MDL 1566); *Freight Forwarders Antitrust Litigation,* (MDL 2656); *In re TFT-LCD, Antitrust Litigation*, *In re TransPacific Airline Passenger Antitrust Litigation* (MDL 1913). Having served in a variety of other leadership positions as well, our two firms are very knowledgeable of what it takes to devote the significant time, expertise, and financial investment required of a committee member, all to ensure the best result achievable for the class. Examples of our work is described in the attached Exhibits A and B, our firm resumes.

## **ARGUMENT**

Our support for the application of the CPM and Saveri firms is based on our experience and in no way is this intended to slight or diminish the applications from our colleagues at other firms. Our reasoning is as follows three main discussion points:

1. The Cotchett and Saveri firms are local firms, and their antitrust knowledge, class action and trial experience and decades of accomplishments in this district need no amplification. If appointment

Hon. J. Corley
July 8, 2020
Page 3

derives from track records, there is no other applicant that can match what the CPM/Saveri team have accomplished. In short, they know how to win.

2. Second, like our two firms, many of the counsel in the consolidated cases support the appointment of these two firms as Co-Lead Counsel under a "private ordering" approach. The Manual for Complex Litigation blesses private ordering as long as the court determines that the counsel selected will adequately represent the class. See Manual for Complex Litigation (Fourth) § 21.272, page 279; see also id. at §10.224 (identifying factors court may consider in appointing class counsel). In our opinion, an order allowing for "private ordering" subject to final approval of any structure allows this Court to see in action whether the Interim Co-Leads can manage and streamline from the outset, without distractions and with bright lines of responsibility. In theory, Private ordering also allows the Interim Co-Leads to assemble a highly skilled merits-based litigation team that leads to efficient litigation efforts while also hopefully yielding the best advocacy for the class.

3. There is no magic formula for who is the "best" candidate is to lead a case. But one thing the undersigned can tell this court is that the CPM and Saveri firms have unparalleled experience in this Northern District of California both managing class actions and yielding outstanding results in an antitrust setting. As the applications themselves make clear, they are unmatched in the  volume of leadership and accomplishment,  With this decades of experience, comes an ability to determine which firms are competent, will be team players and be trusted to work with defense counsel in an efficient and collegial manner.  All of these factors matter when prosecuting a class action under Rules 1 and 23.

In our recent experience, CPM has managed cases through  state-of-the-art reporting system and structure on timekeeping and expenses. One recent example is the time submissions that CPM provided to Judge Davilla on a regular basis *In re Apple Device Performance Litigation* MDL No. 2827. Judge Davila put this in place through a Pre-Trial Order. This highly efficient and detailed process eliminated any concern over financial commitments by Interim Lead Counsel and any potential executive committee members. The importance of accurate time and cost recordkeeping cannot be underestimated. In addition to eliminating post-

Hon. J. Corley
July 8, 2020
Page 4

settlement disputes, CPMs decision to devote the resources to keep records timely and accurate, allowed the District Court to contemporaneously monitor the case and assure the case was moving consistent with Rule 1.

It is also material for this leadership question, that during *In re Apple Device Performance Litigation* (MDL 2527)*,* CPM and its Co-Lead Counsel seamlessly managed a team of dozens of firms.   On May 15, 2020, the District Court preliminarily approved settlement of cash and no reversion, which may be as high as $500 million depending on the number of claims by the class.  On that point, the underlying settlement came to Judge Davila this mid-year after the filing of over 100 cases in late 2017 and early 2020.


For the reasons stated herein, we support the appointment of the CPM and Saveri firms as interim class counsel.  If this Court is inclined to create a leadership structure with a plaintiffs' steering or executive committee, we would look forward to serving Interim Co-Lead counsel in the tailored manner which this case requires.


Respectfully submitted,



/s/ *Derek G. Howard*

/s/ *Daniel J. Mulligan*

# EXHIBIT A

LAW OFFICES

# JENKINS MULLIGAN & GABRIEL LLP

## FIRM RESUME

Jenkins, Mulligan & Gabriel LLP is a nationally known litigation and consumer rights law firm which focuses on complex litigation matters, particularly consumer issues that affect large numbers of the general public and have widespread social impact.  The firm also has a substantial practice in complex insurance and bankruptcy litigations, as well as homeowner issues.  Dating back to 1982, the firm's principals have been co-counsel or lead counsel on many of the nation's most significant and challenging complex class action and insolvency matters, which resulted in recoveries in excess of the hundreds of millions of dollars for the firm's clients. The firm's principals acted as lead or co-lead counsel in such nationally known cases insolvency cases such as Executive Life Insurance Company, First Alliance Mortgage Company, the bankruptcy of Orange County, and the Natural Gas Class Action Litigations. Other significant class action litigations in which the firm's principals acted as lead counsel include claims against Household International and Fairbanks Capital Corp., which produced settlement funds of approximately $140 million and $50 million, respectively.

### Recent and Active Representations:

The firm is currently acting as special litigation counsel to the Examiner in the bankruptcy case, *In re CenterStaging Musical Productions, Inc.*, Case No.: 2:08-bk-13019-VZ, (suit against officers and directors for breach of fiduciary duty), and is working with another firm as Committee Counsel in the bankruptcy case, *Estate Financial Inc.*, Case No.: 08-11457-RR, a chapter 11 case involving a mortgage broker fraud affecting over 1600 investors (total investment in excess of $350 million) in 550 properties. The firm is also lead counsel in a class action brought on behalf of investor/members of limited liability investment companies formed by Quality Home Loans. The case is pending in the bankruptcy court, *In re Quality Home Loans*, Case No.: SV 07-13006 GM.

Other recent and active representations include employment / wage and hour class actions: *In re Wachovia Securities, LLC, Wage and Hour litigation,* (Master File No: SA CV 05-1031 DOC); *In re Ann Taylor Wage and Hour Litigation,* (LASC No.: BC342729) (consulting role); Anti-trust class actions: *In re W. States Wholesale Natural Gas Antitrust Litig.*, (MDL 1566, CV-S-03-1431-PMP (PAL), BASE FILE, MDL 1566, CV-S-04-0465-PMP (PAL)); *In Re TFT-LCD (Flat Panel) Antitrust Litigation*, (USDC ND Cal. 07-cv-1827); *In re Graphics Processing Units Antitrust Litigation*, (USDC ND Cal. 07-cv-1826); *In re Flash Memory Antitrust Litigation* (USDC ND Cal. 07-cv-86); *In re LTL Trucking Anti-Trust Litigation* (MDL: Georgia); and *In re Ammari Electronics v. SBC Communications; Koszdin Fields et al v. Pacific Bell Directory,* Alameda Superior Court Nos.: RG05198014; RG05 220096 (Class Action).

### Prior Representations:

The firm has been appointed special or lead litigation counsel in numerous bankruptcy and class action proceedings.  The principals represented the Liquidating Trustee in the First Alliance

Page 2

Mortgage bankruptcy in a $400 million equitable subordination claim against Lehman Brothers, Inc. (a claim based upon "aiding and abetting" a mortgage fraud program); the Chapter 11 trustee *In the bankruptcy of Magic Ford*; and the receiver in the matter of *Norman David Stark/JPS Corporation*, [131 Cal. App. 4th 184 (2005), cert denied Case No. S136969, Oct 19, 2005)], the first reported case involving the use of a receiver by a state agency involving a criminal business enterprise (Penal Code §186.11). Other reported cases involving the firm's principals are: *Lealao v. Beneficial California*, 82 Cal.App.4th 19 (2000)[class action against Beneficial California, Inc., for wrongfully charging a penalty when persons with whom it entered into certain credit line account agreements prepaid their open-end loans, as the imposition of such a penalty was neither provided for in the agreement nor otherwise authorized; case settled for $14,500,000]; *Austin v. Chisick* (In re First Alliance Mortg.Co.), 289 B.R. 652(2003); *Texas Life, Accident, Health & Hospital Service Insurance Guaranty Association v. Gaylord Entertainment Company*, 105 F.3d 210 (5th Cir. 1997); *Board of Trustees of the Maryland Teachers & State Employees Supplemental Retirement Plans v. Life and Health Insurance Guaranty Corporation*, 335 Md. 176; 642 A.2d 856 (1994); *In Re Executive Life Insurance*, 32 Cal. App. 4th 344; 38 Cal. Rptr. 2d 453 (1995); *State Street Bank & Trust Company v. Mutual Life of New York*, 811 F. Supp. 915; (SDNY, 1993); *Federal Deposit Insurance Corporation v. Imperial Bank*, 859 F.2d p.101 (9th Cir. 1988); *Seven Elves, Inc. v. Eskinazi*, et al, 635 F.2d 396 (5th Cir. 1981).

<u>Education, Community Activities and Awards:</u>

The firm's principals are actively involved in a variety of educational and community activities. The firm's principals have assisted the Legal Aid for the Elderly in San Francisco and Alameda counties by presenting seminars and helping to develop outreach programs to the elderly in an effort to prevent mortgage and home improvement frauds; and prepared video presentations for training of attorneys in foreclosure and lending practices, utilized by the Bay Area Legal Aid, and the San Francisco, Santa Clara, San Mateo and Contra Costa County Bar Associations.  They have served as professors of law at colleges and universities and as elected public officials.  They have also drafted and testified on legislation in both Sacramento, California and Washington D.C. on consumer and banking legislation. The firm's principals have lectured before the California Attorney's General, the National Consumer Law Center, the National Association of Consumer Advocates, the Practicing Law Institute, the American Conference Institute, the California Bar Association and the American Bar Association.  The firm's contribution to the consumer rights field has been recognized by numerous bar associations and organizations over the years.  In 1999, the American Bar Association awarded the firm with its Pro Bono Publico Award in recognition of its public service, the first small firm entity to ever receive this accolade. Other awards include: Outstanding Volunteer in Public Service - Bar Association of San Francisco, 1995; Outstanding Senior Advocate for 1994 - awarded to Mr. Mulligan by State Senator Milton Marks; Public Service Award - Bar Association of San Mateo county – 1996; Outstanding Volunteer in Public Service - Bar Association of San Francisco - 1998 -2000; Justice Philanthropist Award -- Bar Association of San Francisco; awarded to the firm for providing funding and access for low income persons; State Senate of California Outstanding Volunteer – awarded to Mr. Mulligan in 2004; Center for California Homeowner Association Law Service Award – awarded to Mr. Mulligan in 2009.

Page 3

### The Principals

### Larry W. Gabriel

Mr. Gabriel specializes in complex business, insurance and insolvency litigation.  He is admitted to practice in Illinois (1974) and California (1976).  He is a graduate of De Paul University (J.D., 1974) and Southern Illinois University (B.A., 1970).  Mr. Gabriel is a member of the Los Angeles County and American Bar Associations (Member: Business Law Section, Commercial Financial Services Committee, Insurance Insolvency Task Force; Tort and Insurance Practice Section).  His civic and educational activities include serving as an Adjunct Professor (Business Law) College of the Desert (2005 - ).  In addition he served on the City Council, City of Hidden Hills, California (1997-2002) and was the City's Mayor Pro Tem (1998-2002).  He was a representative to the Las Virgenes Council of Governments (2000-2002) and served as the Planning Commissioner for the City of Hidden Hills (1991-1993).  Other activities include: Adjunct Professor of Law, Banking, Pepperdine University (1987-1989); Judge Pro Tem, Beverly Hills Municipal Court (1982-1990); Board of Directors, Calabasas Country Club (President, 2004-5). In addition, Mr. Gabriel has authored several articles including: "1994 Receivers and Guaranty Funds in Life Insurance Insolvency Proceedings: The Need For Reform," ABA National Institute; "Solvency Concerns With Foreign Insurers and Reinsurers/Recent Developments/US Reform Efforts," 1994; "Pension Phantasmagoria," Business Insurance, September 6, 1993; "Check Kiting - The Implications of a Discovering Bank's Actions on Its Right of Recovery," Banking News, November 15, 1982, reprinted Independent Banker, January, 1983; "Ramifications of a Check Kite - Liability Between Banks," Pacific Banker and Business, March, 1983.

### Dan Mulligan:

Mr. Mulligan is a graduate of University of California Berkley (BA Economics, (1975); MA Economics (1981); J.D. (1982).  He has specialized in anti-trust and consumer matters, including class litigation.  He is recognized as a leading member of the plaintiffs' bar on consumer issues, particularly consumer lending.  He is also one of the founders of the Center For California Homeowner Law and served on its board of Directors. He regularly speaks on homeowner association issues and for meetings of the California State Bar Association, the American Bar Association, the Practicing Law Institute and the American Conference Institute.

### Tom Jenkins:

Mr. Jenkins is a graduate of California State University, Northridge and Lincoln Law School. He has been an outspoken advocate for California homeowners since 1983.  He has drafted legislation in this area and testified many times before the California Assembly and Senate.  Mr. Jenkins was also involved in negotiations in 1985 leading to revamping the trustee fee charges and the pricing of Trustee Sale Guarantees in California.

# EXHIBIT B



DEREK G. HOWARD
———— Law Firm, Inc. -.——

## Firm Resume for the Derek G. Howard Law Firm

The Derek G. Howard Law Firm, Inc., provides consumers with decades of experience in complex litigation, including expertise in the areas of business fraud, deceptive practices, and antitrust violations in major consumer-oriented industries. The Howard Law firm also maintains an active practice in the area of sport-related legal disputes.

Mr. Howard has served as Co-Lead Counsel, an Executive Committee Member and associated counsel in antitrust and complex litigation for over two decades of practice. Representative antitrust cases include: *In re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal.) and *In re Transpacific Passenger Air Transportation Antitrust Litigation* (both recovering millions in antitrust action against airlines alleging price fixing of fuel surcharges on international flights); *In re TFT-LCD Antitrust Litigation* (alleged horizontal price fixing case recovering over $1 billion cash for indirect purchaser consumers); *Freight Forwarders Antitrust Litigation* No. 1:08-cv-42-JG-VVP (E.D.N.Y.); *Fond du Lac Bumper Exchange et al v. Jui Li Enterprise Company Ltd.* (E.D. Wisc); *In re Western States Wholesale Natural Gas Antitrust Litig.* (MDL 1566)

The firm also specializes in personal trust litigation and law class actions on behalf of trust beneficiaries. Representative cases, all resulting in settlements or verdicts in favor of the class may be found at: *In re Medcap Capital Services Litigation* (C.D.Cal.)(recovering over $219 million from indenture trustees on behalf of class of victims of the Medcap Ponzi Scheme); *Henderson v Bank of New York Mellon* (D. Mass.); *Stoody-Broser v. Bank of America* (N.D.Cal.), *Banks v. Northern Trust* (L.A. Sup.Ct.), *Seaman v. Wells Fargo* (S.F. Sup.Ct. Cal.); *Nickel v. Bank of America* (N.D. Cal.), *Fisher v. Bank of America* (N.D. Cal.) all recovering millions in cash following complex litigation over allegedly improper trust fees.

Mr. Howard received his undergraduate degree from the University of Pennsylvania. He has earned his J.D. at Golden Gate University School of Law, and an M.A. in Sport Management at the University of San Francisco where he is also an Adjunct Professor.  He has received numerous third party nominations, awards and peer election for achievement in the practice of law. More details may be found at www.derekhowardlaw.com