

Transamerica Pyramid
600 Montgomery St.
Suite 3200
San Francisco, CA 94111

415-633-1908 Main
415-358-4980 Fax

July 8, 2020

Honorable Jacqueline S. Corley
U.S. District Court for the Northern District of California

      Re:    Interim Class Counsel Application in *In re California Gasoline Spot Market Antitrust Litigation*, No. 3:20-cv-03131-JSC (N.D. Cal.)

Dear Judge Corley:

      As counsel for the first-filed Plaintiff, Pacific Wine Distributors, Inc., as well as for Plaintiffs Equality Wines, LLC, Kelly Keskinen, and Ryan Schrum-Herrera, Hausfeld LLP ("Hausfeld") seeks appointment as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g), on behalf of the proposed class of purchasers of gasoline in California following the fire in Exxon's refinery in Torrance, California in February of 2015. After careful consideration, we support a two-firm, co-lead structure and propose Girard Sharp ("GS") as the second lead firm. Our two firms have worked well together since the inception of this litigation, and we have made significant efforts to organize the initial phases of the case. We commit to managing this case efficiently and will do our utmost to obtain the best results possible for the class.

      This is a case with relatively few defendants, and it is built, in part, on the work of the California Attorney General ("AG"), as reflected in its lawsuit: *The People of the State of California v. Vitol, Inc., et al.*, No. CGC20584456 (S.F. Superior Ct., filed May 4, 2020). We expect to seek the assistance of other plaintiffs' counsel as appropriate, but given the number of firms that have now filed cases, we intend to propose timekeeping and billing protocols for the Court's approval to preclude any overbilling and ensure efficiency. *See, e.g.*, ECF No. 141-1 (Protocol) in *In re Inductors Antitrust Litig.*, No. 5:18-cv-00198-EJD (N.D. Cal.) ("*Inductors*"); ECF No. 75 in *In re Intuit Free File Litig.*, No. 3:19-cv-02346-CRB (N.D. Cal.).

      **Hausfeld is well situated to serve as interim co-lead counsel.** Hausfeld specializes in prosecuting antitrust violations for individuals and businesses, and it is *the* preeminent global antitrust claimant's firm. *See* App. A. The firm has been recognized by *Global Competition Review* as "one of—if not the—top plaintiffs' antitrust firm in the US." It has more antitrust experience and more attorneys specializing in antitrust law than any other plaintiffs' firm in the country, and it has had significant roles in most of the major antitrust actions in the last decade.

      No other firm can match Hausfeld's resources or its global reach, with 125 lawyers located in five offices across the United States (including San Francisco) and seven across Europe. The firm and its partners stand ready to assume the financial obligations associated with litigating this case and are prepared to advance costs (and their time) on a contingent basis up to and through any trial of this matter.

      Courts in this Circuit have regularly appointed Hausfeld as lead counsel in antitrust class actions. *See, e.g.*, *Inductors* (Judge Davila appointed Hausfeld as interim co-lead counsel in class action involving direct purchasers alleging price-fixing and anticompetitive conduct in the Inductors industry); *In re Korean Ramen Antitrust Litig.*, No. 3:13-cv-04115-WHO (N.D. Cal.)



PAGE 2
July 8, 2020

("*Ramen*") (Judge Orrick appointed Hausfeld as co-lead counsel for a certified class of direct purchasers of Korean ramen noodles who alleged price-fixing claims, which the firm litigated to trial); *In re Aftermarket Automotive Lighting Prods. Antitrust Litig.*, No. 09-ML-2007-GW(PJW) (C.D. Cal.) ("*AALP*") (Judge Wu appointed Hausfeld as co-lead counsel for a certified class in a case involving price-fixing of replacement auto lights); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967-CW (N.D. Cal.) ("*NCAA*") (former Chief Judge Wilken appointed Hausfeld as antitrust class counsel on behalf of a certified class of student athletes, and Hausfeld successfully litigated this action through trial and appeal); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 3:07-cv-05634-CRB (N.D. Cal.) ("*Transpacific*") (Judge Breyer appointed Hausfeld as co-lead counsel in certified class action involving allegations that airlines conspired to fix prices of passenger fares and/or fuel surcharges for transpacific flights); *In re Int'l Air Transp. Surcharge Antitrust Litig.*, No. 06-md-01793-CRB (N.D. Cal.) ("*IATS*") (Judge Breyer appointed Hausfeld as co-lead counsel on behalf of passengers on long haul flights traveling to/from the UK); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670-JLS (MDD) (S.D. Cal.) ("*PSPs*") (Judge Sammartino appointed Hausfeld as sole lead counsel for a certified class of direct purchasers of packaged tuna products). Hausfeld has also served as co-lead counsel in other non-Californian antitrust class actions involving, *inter alia*, the manipulation of over-the-counter financial products/pricing indices to inflate trader profits including, for example, in markets for foreign exchange transactions, LIBOR, and municipal derivatives. It has achieved recent outstanding antitrust settlements exceeding $1 billion. App. A.

The three attorneys in Hausfeld's San Francisco office who will be principally litigating this case are partners Michael Lehmann and Christopher Lebsock and senior associate Samantha Stein. *See* App. B. Mr. Lehmann has been practicing antitrust law since 1978, serving as co-lead in *Inductors* and *AALP* as well as one of the trial counsel in *NCAA*. He has worked extensively in *PSPs*, *Transpacific*, and *IATS*, as well as many of the electronics antitrust cases in this district and numerous other antitrust cases outside of it. Mr. Lehmann has been recognized as a Northern California SuperLawyer as well as by *Lawdragon*, *The Legal 500*, *Best Lawyers*, *Who's Who Legal*, and the *Global Competition Review*. Mr. Lebsock has been practicing for 24 years and specializes in prosecuting claims in antitrust and other complex business litigation. He was the primary representative for the firm in *Ramen*, *Transpacific*, and *IATS*, and is a member of the team for Hausfeld in *PSPs*. Mr. Lebsock has extensive experience with economic analyses and issues relating to econometric expert analysis, which have become critically important in many antitrust cases. Both Messrs. Lehmann and Lebsock, before joining Hausfeld, also worked on *Natural Gas Antitrust Cases*, J.C.C.P. Nos. 4221, 4224, 4226, 4228 (Cal. Superior Ct.), a case involving collusion on prices of natural gas shipped into California. Ms. Stein was a law clerk with Magistrate Judge Maria-Elena James for two years prior to joining Hausfeld in 2017. She has been named a "Rising Star" in the antitrust field from 2018-20 by SuperLawyers for her outstanding work as the lead associate in *PSPs*, as well as multiple other antitrust and class cases. If the Court appoints Hausfeld, Ms. Stein will play a significant role in this case, including arguing motions and participating in all other phases of the litigation. She is also a member of Hausfeld's Electronic Discovery Group, as well as its Diversity and Inclusion Committee, described in App. A.

Also, since this case involves one South Korean Defendant (SK Trading International), Hausfeld has tapped its international network of counsel for support and has associated Korean counsel (the Dongwin Law Group and the Law Office of Kweonsik Seo) to assist it with Korean discovery and document review and facilitate any foreign discovery as necessary.



PAGE 3
July 8, 2020

**Hausfeld has done the most to advance these cases.** Hausfeld filed the first of the class actions relating to the alleged manipulation of the prices of gasoline in California on May 6, 2020. *Pacific Wine Distributors, Inc. v. Vitol, Inc.*, No. 3:20-cv-03131-JSC ("*PWDI*"). The *PWDI* amended complaint (ECF No. 31) includes both consumer and corporate class representatives.[1] Hausfeld did not simply copy the allegations contained in the AG's complaint, but added extensive new allegations and charts from diverse public sources, many of which other later-filed complaints copied in whole, or in part. PWDI's complaint contains the most fulsome analysis of the conduct being challenged. Immediately after filing, Hausfeld reached out to the AG to advise the government of the filing of proceedings in federal court and to discuss facilitation of the state/federal coordination of the litigation. If appointed to a leadership position, Hausfeld will continue to explore opportunities for such coordination. *See, e.g.*, ECF No. 572 in *In re Juul Labs, Inc., Marketing, Sales Prac. & Prods. Liability Litig.*, No. 19-md-02913-WHO (N.D. Cal.). A good working relationship with the AG will be imperative because there is substantial overlap between the class as defined in PWDI's complaint (and all complaints based on it) and California residents with claims subject to the AG's *parens patriae* authority.

Since the filing of the *PWDI* complaint, Hausfeld has also been working to move the case forward and has been largely responsible for all case management efforts in this litigation. It filed all of the motions to relate each subsequently-filed case in the Northern District. *PWDI* ECF Nos. 7, 10, 13, 21, 29, 34, 45, 46, 47, 56, 62, 71, 72. Hausfeld also filed an *ex parte* application under Fed. R. Civ. P. 4(f)(3) for alternative service on the foreign Defendant, SK Trading International. *Id.* ECF No. 8. As a result of that filing, it and GS met with counsel for Defendants and obtained an agreement on behalf of their clients and later-filed plaintiffs for alternative service in exchange for deferral on responses to their complaints—a stipulation which other later-filed plaintiffs could, and did, avail themselves. *Id.*, ECF No. 37. Hausfeld and GS drafted the Stipulations on Consolidation and Appointing Interim Class Counsel (*id.*, ECF Nos. 67-68) to avoid unnecessary motion practice and advance the cases. Ms. Stein coordinated approximately 65 attorneys for both Plaintiffs and Defendants to finalize and file these Stipulations.

Hausfeld has also made substantial efforts to have duplicative cases transferred from other federal districts to this Court.[2] One of those was *Cleveland v. SK Energy Americas, Inc., et al.*, No. 3:20-cv-00893 WQHLL (S.D. Cal.) (May 13, 2020) ("*Cleveland*"). Hausfeld promptly moved to intervene in that case and have it transferred to this district pursuant to the first-filed rule and 28 U.S.C. § 1404(a). *Cleveland,* ECF No. 3. The plaintiff in that case did not oppose the motion, and it was transferred to this district today and Hausfeld immediately moved to relate it to these cases.

---

[1] Other counsel brought cases on behalf of corporate clients as well, but certain of those Plaintiffs may not have standing. For example, Plaintiff Carpe Carma pled that it purchased gasoline during a class period that ended on December 31, 2016 (ECF No. 1 at ¶¶ 16, 119 in *Carpe Carma, LLC v. SK Energy Americas, Inc., et al.*, No. 20-cv-04138 (N.D. Cal.)), but that LLC entity was not registered to do business in the State of California until February 21, 2018. *See* https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201806610466-23824790. Plaintiff Poe Valley LLC does not appear in the California Secretary of State's business search portal and thus may have no legal capacity to sue. A "Poe Valley Farm LLC" does exist, but that entity was organized under California law on December 5, 2018, not within the class period pled in ECF No. 1 at ¶ 219 in *Poe Valley v. SK Energy Americas, Inc.*, No. 3:20-cv-04228 (N.D. Cal.).

[2] PWDI was the first to consent to this Court presiding over the litigation. *PWDI*, ECF No. 9.



*PWDI*, ECF No. 72. Additionally, the case of *Persian Gulf, Inc. v. BP West Coast Prods. LLC*, No. 15-cv-01749-DMS-AGS (S.D. Cal.) ("*Persian Gulf*") had been pending for many years in the Southern District of California. In that case, it was alleged that petroleum refiners—not the Defendants here—colluded to manipulate the prices of gasoline sold in California both before and after the accident at the Torrance refinery. The *Persian Gulf* plaintiffs sought to relate *Cleveland* to their case and noticed out of district cases as related. *See Persian Gulf*, ECF No. 414. Hausfeld filed a comprehensive opposition. *Id.*, ECF No. 415. So did GS. *Id.*, ECF No. 416. The relation request is now mooted with the transfer of the *Cleveland* case to this Court.

There were also two related cases filed in the Central District of California by the same law firms, as well as others: *Long v. SK Energy Americas, Inc., et al.*, No. 2:20-cv-04266 (C.D. Cal., filed May 11, 2020) ("*Long*") and *Carpe Carma, LLC v. SK Energy Americas, Inc., et al.*, No. 2:20-cv-04312 JAK(PJWx) (C.D. Cal., filed May 12, 2020) ("*Carpe Carma*"). In *Long*, the presiding judge issued an order to show cause ("OSC") why the case should not be transferred to the Northern District of California pursuant to the first-filed rule and Section 1404. *Long*, ECF No. 13. That OSC was mooted because *Long* was dismissed, but immediately thereafter, the same counsel filed *Carpe Carma*.[3] The court there issued its own OSC concerning transfer to this district. *Carpe Carma*, ECF No. 9. Hausfeld moved to intervene in *Carpe Carma* to support its transfer. *Id.*, ECF No. 10. In responding to the OSC, the plaintiff in *Carpe Carma* argued that venue before an Article III judge in the Central District was most appropriate. *Id.*, ECF No. 12 at 16. *Carpe Carma*'s complaint, however, was ultimately transferred to this Court. *Id.*, ECF No. 15. Hausfeld immediately moved to relate it to these cases. *PWDI*, ECF No. 47.

Finally, Hausfeld retained Dr. Russell Mangum, an economist and Senior Vice-President of Nathan Associates, Inc., to serve as a consultant in this case. Dr. Mangum has had a successful record on class certification, including recently in *Ramen*, *Transpacific* and *PSPs*. *See In re Packaged Seafood Prods. Antitrust Litig.*, 332 F.R.D. 308 (S.D. Cal. 2019), *petition for review granted*; *Wortman v. Air New Zealand*, 326 F.R.D. 549 (N.D. Cal. 2018); *In re Korean Ramen Antitrust Litig.*, No. 13-cv-04115-WHO, 2017 WL 235052 (N.D. Cal. Jan. 19, 2017).

Hausfeld and its attorneys have been diligent in multiple fora to organize and streamline this litigation. We have the wherewithal and the desire to lead this litigation before this Court and in coordination with other counsel and the AG. We therefore ask that the Court appoint us as interim class counsel along with GS. Together, we will best represent the interests of the class.

Sincerely,

/s/ *Michael P. Lehmann*
HAUSFELD LLP

---

[3] The plaintiff in *Long*, whose complaint is largely identical to the *PWDI* complaint, recently re-filed her case in this District, but with some adjustment to the counsel listed. Hausfeld immediately moved to relate it to these cases. *PWDI*, ECF No. 71.