[All counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION | Case No. 3:20-cv-03131-JSC<br><br>CLASS ACTION<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiffs in the above-entitled action and Defendants Vitol Inc. ("Vitol"), SK Energy Americas, Inc. ("SKEA"), SK Trading International Co. Ltd. ("SKTI"),[1] Brad Lucas, and David Niemann (collectively, "Defendants") together submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9 in advance of the scheduled Case Management Conference in this action set for August 7, 2020.

The parties have deferred finalizing several of the items called for by the Standing Order until the Court appoints interim class counsel.

### 1.   Jurisdiction & Service

On May 4, 2020, California's Attorney General ("AG") filed a partially redacted complaint against Defendants SKEA, SKTI, and Vitol for violations of the California Cartwright Act (Cal. Bus. & Prof. Code §§ 16720 *et seq*.), and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL").[2] The first proposed class action was filed on May 6, 2020, and a series of other proposed class actions followed. Since then, Defendants agreed to waive service of the complaints in exchange for an extension of time for their responses to the complaints (*see, e.g.*, Dkt. No. 27). The parties then stipulated to consolidating the pending class actions into the above-captioned case and to extend the time for filing the Consolidated Complaint until 21 days after the Court appoints interim class counsel. *See* Dkt. No. 67 (Order granting stipulation) ("Stipulated Order").

Plaintiffs allege that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367, and that venue is proper in this judicial district pursuant to 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, a substantial portion of the affected interstate trade

---

[1] Specially-appearing SKTI intends to move to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

[2] *See The People of the State of California v. Vitol, Inc., et al.*, Case No. CGC20584456 (S.F. Superior, filed May 4, 2020). The AG Complaint may also be found at https://www.oag.ca.gov/system/files/attachments/press-docs/Scanned%20copy%20of%20redacted%20complaint%20as%20filed.pdf.

1  and commerce was carried out in this District, and one or more of the Defendants reside in this

2  District or are licensed to do business in this District. Plaintiffs further allege that each Defendant

3  has transacted business, maintained substantial contacts, and/or committed overt acts in

4  furtherance of the alleged illegal restraint of trade throughout this District as this case centers on

5  Defendants' alleged manipulation of California's spot-market for gasoline pricing—and one of

6  only two of these spot markets is located in San Francisco, where the AG filed its suit.

7                    2.   Factual Background and Relevant Legal Issues

8            A.  Plaintiffs' Description of Their Claims

9            Plaintiffs (and the AG) allege that Vitol, SK, and certain of their employees entered into

10 horizontal agreements to restrain competition in the spot market for gasoline formulated for use

11 in California and certain gasoline blending components used in that gasoline.

12           Plaintiffs allege that Defendants' illegal scheme commenced following a disruption in

13 refining capacity that occurred at the ExxonMobil refinery in Torrance, California, following a

14 February 18, 2015 incident in which the refinery's cracking unit exploded, reducing the

15 refinery's ability to refine alkylates, key blending components in gasoline, between February of

16 2015 and June of 2016.

17           Plaintiffs allege that Defendants—major traders in California's spot market for delivery

18 of refined gasoline and gasoline blending components to refineries in the Bay Area and Los

19 Angeles—used the refinery explosion as pretext for an opportunity to artificially inflate the

20 wholesale spot price for gasoline and with it, the price of alkylates, the prices of which are tied

21 directly to the wholesale price of gasoline, without unwanted scrutiny by other market

22 participants and regulators. Plaintiffs further allege that Vitol and SK agreed with each other to

23 manipulate the spot market price for refined gasoline and gasoline blending components so that

24 they could realize windfall profits on these contracts. Defendants further entered into agreements

25 with each other to share the profits and disguise their illegal conduct. Brad Lucas and David

26 Niemann, the lead traders for Vitol and SK, were friends and former colleagues at Vitol, and they

27 carried out the conspiracy until late 2016, when one left his position with SK.

1    Plaintiffs allege that, immediately following the Torrance explosion, and as a result of

2  Defendants' wrongful conduct, prices for spot market gasoline contracts increased for deliveries

3  to San Francisco and Los Angeles, which gasoline companies then passed through to their

4  customers, causing Plaintiffs and members of the proposed class to pay artificially inflated prices

5  at the pump. Thus, Plaintiffs allege that they and the Class were injured because they paid more

6  for gasoline within the State of California than they would have paid in a retail gasoline market

7  untainted by Defendants' illegal conduct.

8    All Plaintiffs assert claims for violations of California's Cartwright Act and UCL, and

9  certain other Plaintiffs assert claims for violations of Section 1 of the Sherman Act (15 U.S.C. §

10  1) and/or common law unjust enrichment.

11    Plaintiffs contend that the key legal issues in this case will include (but are not limited to):

12  • Whether Defendants contracted, combined, or conspired with one another to restrain trade

13    in the California spot market for gasoline at any time during the Class Period;

14  • Whether Defendants' restraint of trade caused the prices of gasoline sold at retail in

15    California to be higher than they otherwise would have been;

16  • Whether Plaintiffs and the other members of the Class were injured by Defendants'

17    conduct and, if so, the appropriate classwide measure of damages;

18  • Whether Plaintiffs and other members of the Class are entitled to, among other things,

19    injunctive relief, and, if so, the nature and extent of such relief;

20  • Whether Defendants engaged in deceptive, unlawful, or unfair business practices;

21  • Whether Plaintiffs and the proposed class satisfy the prerequisites of Fed. R. Civ. P. 23(a)

22    and (b)(3); and

23  • Whether Defendants can state or prove any of their affirmative defenses.

24    B.  Defendants' Description of Their Principal Defenses to Plaintiffs' Claims

25    The gasoline purchased by retail consumers is a result of extensive production, trading,

26  refining, and distribution activities that take place on a global scale.  The California gasoline

27  market is subject to unique restrictions, including California-specific blending requirements.  As

3

1    a result, California gasoline and related blending components typically must be produced in-state

2    by specialized refiners or imported via marine vessels.  These market factors mean that when the

3    supply of gasoline into California is impeded, it cannot be easily replaced, and prices inevitably

4    rise to balance supply and demand.

5          During the relevant period, an ExxonMobil refinery located in Torrance, California,

6    produced approximately 10 percent of gasoline sold in the state, as well as related blending

7    components.  On February 18, 2015, a large explosion at the Torrance refinery caused significant

8    damage and forced the refinery to shut down in substantial part.  The shutdown had the effects of

9    reducing the available supply of both gasoline and alkylate, and increasing gasoline prices.

10         Defendants SKEA and Vitol are alleged by the AG and plaintiffs to have engaged in two

11   forms of activity in response to the refinery fire.  First, SKEA and Vitol entered into joint

12   ventures to import additional supplies of scarce gasoline components into California.  Second,

13   SKEA and Vitol, as two traders in the California market, are alleged to have been counterparties

14   to one another in certain trades.  Plaintiffs attempt to characterize these activities as part of a

15   broadly asserted but vaguely described "conspiracy."  These assertions largely copy those

16   advanced by the AG, and the proposed classes in the complaints appear to overlap substantially

17   with the AG's parens patriae claims on behalf of natural persons residing in California.

18         Defendants strenuously deny the existence of any illegal conspiracy.  Although SKEA

19   and Vitol engaged in certain joint conduct—joint ventures to import gasoline blending

20   components—that conduct both plainly was procompetitive and plainly would have had the

21   effect of reducing gasoline prices.  With respect to the purported trading conduct, Plaintiffs have

22   not provided any allegations regarding *any* specific trades between SKEA and Vitol, much less

23   factual allegations that could suggest that any such trade was improper or illegal.

24         Plaintiffs' purported theories of both motivation and potential harm are also wholly

25   implausible.  The complaints fail to allege—and could not allege—that SKEA and Vitol have

26   market power, and they provide no explanation for how two minor traders could have influenced

27   market-wide gasoline prices for a multi-year period.  Plaintiffs' allegations likewise overlook the

procompetitive aspects of Defendants' conduct, including importing additional supply into the market, and it is notable that there are no allegations that Defendants' conduct reduced supply.

For these and other reasons, Defendants deny all liability on Plaintiffs' claims and oppose certification of any putative class.  Defendants' anticipated defenses include:

- First, there was no unlawful agreement among Defendants.  All of their conduct was undertaken either unilaterally or pursuant to lawful and procompetitive joint ventures.

- Second, Defendants' trading behavior complied with all applicable laws and regulations.

- Third, Defendant's conduct—of importing gasoline components and wholly legal trading behavior—did not inflate the price of gasoline in California.

- Fourth, Plaintiffs were not injured, no increases in price were caused by Defendants' alleged conduct, and Plaintiffs lack standing to assert any claims.

- Fifth, a class cannot be certified under Rule 23 because Plaintiffs cannot satisfy the requirements of that rule.

### 3.  Motions

Defendants will evaluate whether to file one or more motions challenging Plaintiffs' forthcoming Consolidated Complaint once it is filed. Plaintiffs reserve the right to file a Rule 12 motion regarding allegations and defenses in Defendants' Answers. Plaintiffs also intend to file a motion to certify the proposed class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).  Pursuant to the Stipulated Order, Dkt. No. 67, the parties shall meet and confer regarding a proposed schedule on Rule 12 motions within 14 days after the filing of the Consolidated Complaint.

The parties anticipate that they may also file summary judgment motions, motions in limine, and *Daubert* motions later in the litigation.

### 4.  Amendment of Pleadings

Plaintiffs will file the Consolidated Complaint within 21 days after the Court appoints interim class counsel. *See* Dkt. No. 67. The deadline for amending to name new parties will be addressed in the parties' proposed schedule submission. *See id.*

### 5.  Evidence Preservation

The parties confirm that they have reviewed the ESI Guidelines and that pursuant to the Stipulated Order, Dkt. No. 67, the parties shall meet and confer regarding submission to the

1    Court of a proposed schedule for holding the parties' Fed. R. Civ. P. 26(f) Conference no later

2    than 14 days after the filing of the Consolidated Complaint, and the parties shall submit that

3    proposed joint schedule or competing schedules to the Court within 14 days of the meet-and-

4    confer.  Plaintiffs have requested that—in addition to other categories of evidence—Defendants

5    preserve text messages, "chats," and instant messaging records, which they have reason to

6    believe are a primary form of communication in the oil and gas commodities trading industry.

7          The parties and their counsel understand their general duty to preserve evidence that may

8    be relevant to this litigation, including electronically stored information. Each party will take

9    reasonable steps to preserve the evidence that may be relevant to this litigation.

10                          6.   Disclosures

11         The parties have not yet exchanged initial disclosures, however, they agree to discuss the

12   form and timing of their initial disclosures in connection with their Rule 26(f) conference.

13                          7.   Discovery

14         The parties will discuss the timing and scope of discovery during the Rule 26(f)

15   Conference that will be held as set forth in the parties' Stipulated Order, Dkt. No. 67.

16   Plaintiffs' Position

17         Among other things, Plaintiffs intend to seek certain productions Defendants made to the

18   AG as part of the AG's pre-filing investigation. The AG submitted the declaration of Paul Moore

19   in its case in support of sealing certain portions of the AG's complaint, and in that declaration,

20   Mr. Moore attests to several tranches of productions made by Vitol and SK prior to the filing of

21   the AG complaint. Plaintiffs request that Defendants produce to Plaintiffs the documents that

22   Defendants previously produced to the AG. Given that Defendants have already prepared these

23   productions, there is no burden but significant efficiencies to be gained in producing these

24   finalized productions to Plaintiffs in the near term. Prompt production of these documents will

25   aid in Plaintiffs' ability to streamline early discovery efforts and facilitate coordination with the

26

27

1    AG's office on such discovery.[3] Plaintiffs will also request that Defendants produce an

2    unredacted copy of the AG's complaint, which is not burdensome to produce.

3    <u>Defendants' Position</u>

4          Defendants are willing to meet and confer with interim lead counsel once they are

5    appointed regarding any request for early discovery that interim lead counsel may choose to

6    make. The issue remains premature, however, until a Consolidated Complaint is filed and the

7    parties have an opportunity to complete the meet-and-confer process. To the extent any dispute

8    may arise, Defendants do not believe that the appropriate forum for briefing such a dispute is in a

9    case management statement, and thus do not respond here to Plaintiffs' legal arguments

10   regarding the appropriate timing and scope of discovery.

11                         8.   <u>Class Actions</u>

12         Plaintiffs seek to maintain this action as a class action pursuant to Rule 23(b)(3) of the

13   Federal Rules of Civil Procedure. The parties will submit joint or competing scheduling

14   proposals with their Rule 26(f) report.

15                         9.   <u>Related Cases</u>

16         All related cases in this district have been formally related and are now pending before

17   this Court or are subject to motions to relate pursuant to Civil Local Rule 3-12. There is only one

---

18

19   [3] Courts in this district and others routinely order production of documents produced to
     government authorities in complex actions prior to resolution of the pleadings. *See, e.g.*, *In re
     Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 899-900 (N.D. Cal.
20   2008) (issuing case management order requiring production of DOJ documents prior to
     resolution of the motion to dismiss); *In re Resistors Antitrust Litig.*, No. 15-cv-03820-JD, Dkt.
21   No. 112 (N.D. Cal., Feb. 2, 2016) (ordering that "All DOJ documents are to be voluntarily
     produced to Plaintiffs" prior to resolution of motion to dismiss); *In re Optical Disk Drive
22   Antitrust Litig.*, No. 10-md-02143-RS, Dkt. Nos. 370, 379 (N.D. Cal. 2011) (ordering production
     of DOJ documents prior to resolution of motions to dismiss); *accord In re Farm-Raised Salmon
23   & Salmon Prods. Antitrust Litig.*, No. 1:19-cv-21551-CMA, ECF No. 207 (S.D. Fla. Apr. 6,
     2020) (ordering that "[r]ecords already produced by Defendants to the Department of Justice and
24   other foreign and domestic government entities will be produced to Plaintiffs" prior to the motion
     to dismiss); *In re Diisocyanates Antitrust Litig.*, No. 2:18-mc-01001-DWA, ECF No. 149 (W.D.
25   Pa. Jan. 15, 2019) (granting production of document previously produced to Department of
26   Justice based on lack of burden and because "efficiency and economy is best served by
     production at this time").
27

---

7

1   other known case pending outside of this district related to the subject matter of this litigation,

2   which is the AG's case, pending in San Francisco Superior Court. The case has been designated

3   as a "complex" case within the Superior Court's Complex Litigation Department. Plaintiffs

4   anticipate coordinating with the AG to improve efficiency for all involved.[4]

5                    10. Relief

6          Plaintiffs seek the following relief on behalf of the Class: (i) certification of the action

7   pursuant to Rule 23 of the Federal Rules of Civil Procedure; (ii) damages, including treble

8   damages under the Cartwright Act, and interest in an amount to be determined; (iii) restitution

9   under the UCL in an amount to be determined; (iv) injunctive relief; (v) Plaintiffs' reasonable

10  costs, including attorneys' fees; and (vi) any other relief the Court deems just and proper. The

11  calculation of damages in this antitrust and unfair competition class action will be the subject of

12  expert opinion.

13         Defendants seek (i) that judgment be entered dismissing the Complaint(s) on the merits,

14  in their entirety and with prejudice and (ii) that this Court grant them such other relief as it deems

15  just and appropriate, including costs and reasonable legal fees.

16                  11. Settlement and ADR

17         No ADR efforts have been made yet in the case, however, once the Court appoints

18  interim class counsel, the parties will submit the ADR compliance materials pursuant to ADR

19  L.R. 3-5.

20               12. Consent to Magistrate Judge For All Purposes

21         The parties consent to Magistrate Judge Jacqueline Scott Corley to conduct all further

22  proceedings including trial and entry of judgment.

23                  13. Other References

24         The parties in this litigation have self-organized and stipulated to consolidate the related

25

26  [4] *Ritual Coffee Roasters, Inc. v. SK Energy Americas et al.*, No. 3:20-cv-05213, was transferred to
    this district from the Central District of California on July 28, 2020.  As of the filing of this joint
27  case management statement, it is before Magistrate Judge Sallie Kim.

8

actions before this Court. There have been no petitions to the Judicial Panel on Multidistrict Litigation. It is premature to say whether a special master or other references might be useful at some point in this case.

### 14. Narrowing of Issues

The parties are committed to considering methods to narrow issues in this case, but at this point it is premature to say how that will be accomplished.

### 15. Expedited Trial Procedure

This case does not lend itself to the Expedited Trial Procedure set forth in General Order No. 64.

### 16. Scheduling

The parties plan to present to the Court a proposed joint schedule (or competing schedules) within 28 days after the filing of the Consolidated Complaint.  Dkt. No. 67.

### 17. Trial

All Plaintiffs have requested a jury trial for the claims that can be tried to a jury. The UCL claim will require a bench trial. It is premature to determine the expected length of trial.

### 18. Disclosure of Non-party Interested Entities or Persons

Some of the Plaintiffs have already made these disclosures. Interim class counsel, once appointed, will ensure that disclosures are made for all proposed class representatives on the forthcoming Consolidated Complaint.

### 19. Professional Conduct

Counsel for all parties certify that they have reviewed and will abide by the Guidelines for Professional Conduct for the Northern District of California.

### 20. Other

Plaintiffs' Statement

As noted, the Plaintiffs believe that significant coordination will be required between this federal litigation and the pending state AG action. The Plaintiffs anticipate asking the Court to issue a variety of joint coordination orders, such as discovery protocols that may become

1  important to ensure effective coordination between the class and AG cases. Plaintiffs also submit

2  that the Court also may consider holding periodic status conferences to ensure the efficient

3  coordination and prosecution of the class and AG actions, among other things.

4  Defendants' Statement

5         Defendants are willing to consider proposals regarding these issues from interim class

6  counsel once they are appointed.

7

8  Dated: July 31, 2020

9
   By: /s/  Samantha J. Stein                         By:  /s/  Dena C. Sharp
10 Michael P. Lehmann (SBN 77152)                      Dena C. Sharp (State Bar No. 245869)
   Christopher L. Lebsock (SBN 184546)                 Jordan Elias (State Bar No. 228731)
11 Samantha J. Stein (SBN 302034)                      Adam E. Polk (State Bar No. 273000)
   **HAUSFELD LLP**                                    **GIRARD SHARP LLP**
12 600 Montgomery St., Suite 3200                      601 California Street, Suite 1400
   San Francisco, CA 94111                             San Francisco, CA 94108
13 Telephone: (415) 633-1908                           Tel: (415) 981-4800
   Facsimile: (415) 358-4980                           Fax: (415) 981-4846
14 mlehmann@hausfeld.com                               dsharp@girardsharp.com
   clebsock@hausfeld.com                               jelias@girardsharp.com
15 sstein@hausfeld.com                                 apolk@girardsharp.com
16
   *Attorneys for Plaintiffs Pacific Wine*             *Attorneys for Plaintiffs Fricke-Parks*
17 *Distributors, Inc., Equality Wines, LLC, Kelly*    *Press, Inc., Justin Lardinois, and Vincent*
   *Keskinen, and Ryan Schrum-Herrera*                 *Cendejas*
18

19

20 By: /s/  Allan Steyer                               By: /s/  Todd A. Seaver
   Allan Steyer, Esq,                                  Todd A. Seaver
21 D. Scott Macrae, Esq.                               Joseph J. Tabacco, Jr.
   Jill Manning, Esq.                                  **BERMAN TABACCO**
22 Suneel Jain, Esq.                                   44 Montgomery Street, Suite 650
   **STEYER LOWENTHAL BOODROOKAS**                     San Francisco, CA  94104
23  **ALVAREZ & SMITH LLP**                            Telephone: (415) 433-3200
   235 Pine Street, 15th Floor                         Facsimile:  (415) 433-6382
24 San Francisco, California 94104                     Email:  jtabacco@bermantabacco.com
   Telephone: (415) 421-3400                           tseaver@bermantabacco.com
25 Facsimile: (415) 421-2234
26
   *Attorneys for Plaintiff Casler Johnson*            *Attorneys for Plaintiff Bogard*
27                                                     *Construction, Inc.*

10

1

2
By: /s/ *Betsy C. Manifold*
BETSY C. MANIFOLD

By: /s/ *Tina Wolfson*
Tina Wolfson, SBN 174806

3
manifold@whafh.com
RACHELE R. BYRD

twolfson@ahdootwolfson.com
Theodore W. Maya, SBN 223242

4
byrd@whafh.com
MARISA C. LIVESAY

tmaya@ahdootwolfson.com
Bradley K. King, SBN 274399

5
livesay@whafh.com
BRITTANY N. DEJONG

bking@ahdootwolfson.com
Christopher E. Stiner, SBN 276033

6
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**

cstiner@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**

7
    **FREEMAN & HERZ LLP**
750 B Street, Suite 1820

10728 Lindbrook Drive
Los Angeles, California 90024

8
San Diego, CA 92101
Telephone: 619/239-4599

Telephone: (310) 474-9111
Facsimile: (310) 474-8585

9
Facsimile: 619/234-4599

10

11
THOMAS H. BURT
**WOLF HALDENSTEIN ADLER**

*Attorneys for Plaintiffs Scott Kravitz and*
*Natasha Saravanja*

12
    **FREEMAN & HERZ LLP**
burt@whafh.com

13
270 Madison Avenue
New York, NY 10016

14
Telephone: (212) 545-4600
Facsimile: (212) 686-0114

15

16
*Attorneys for Plaintiffs Mary Hudson and*

17
*Elizabeth Gendron*

18

19
By: /s/ *Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)

By: /s/ *Whitney E. Street*
Whitney E. Street (CA Bar No. 223870)

20
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)

**BLOCK & LEVITON LLP**
100 Pine Street, Suite 1250

21
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102

San Francisco, CA 94111
Tel.: (415) 968-1852

22
La Jolla, California 92037
Telephone: (858) 914-2001

Fax: (617) 507-6020
wstreet@blockesq.com

23
Facsimile: (858) 914-2002
fbottini@bottinilaw.com

24
achang@bottinilaw.com
ykolesnikov@bottinilaw.com

Gregory S. Asciolla (admitted *pro hac*
*vice*)

25

Karin E. Garvey (admitted *pro hac vice*)
Robin A. van der Meulen (admitted *pro*

26
*Attorneys for Plaintiff Accurate Testing &*
*Inspection, LLC*

*hac vice*)
Ethan H. Kaminsky (admitted *pro hac*

27

*vice*)

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
gasciolla@labaton.com
kgarvey@labaton.com
rvandermeulen@labaton.com
ekaminsky@labaton.com

*Attorneys for Plaintiffs BB&B Business
Group and Larry George Rightmyer II*

By: /s/ *Aaron M. Sheanin*
Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2440 W El Camino Real, Suite 100
Mountain View, CA 94040
Tel: (650) 784-4040
Fax: (650) 784-4021
asheanin@robinskaplan.com

Hollis Salzman
Kellie Lerner
William V. Reiss
Matthew J. Geyer
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Tel: (212) 980-7400
Fax: (212) 980-7499
hsalzman@robinskaplan.com
klerner@robinskaplan.com
wreiss@robinskaplan.com
mgeyer@robinskaplan.com

By: /s/ *Elizabeth C. Pritzker*
Elizabeth C. Pritzker (CA SBN 146267)
Bethany Caracuzzo (CA SBN 190687)
Caroline C. Corbitt (CA SBN 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com

By /s/ *M. Elizabeth Graham*
**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham
One Market Street
Spear Street Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8210
Facsimile: (415) 789-4367
egraham@gelaw.com

Robert Eisler (admitted *pro hac vice*)
Deborah Elman (admitted *pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, New York 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501
reisler@gelaw.com
delman@gelaw.com

*Attorneys for Plaintiff Marie E.
Richardson*

/s/ *Adam J. Zapala*
Joseph W. Cotchett
Adam J. Zapala
Elizabeth T. Castillo
Reid W. Gaa
**COTCHETT PITRE & McCARTHY,
LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010

12

1  bc@pritzkerlevine.com
2  ccc@pritzkerlevine.com

3  *Attorney for Plaintiffs Eric Gennaro and Soils To Grow LLC*

4

5  By: /s/ *Jonathan M. Jagher*
   Jonathan M. Jagher (pro hac vice forthcoming)
6  Kimberly A. Justice (pro hac vice forthcoming)
   **FREED KANNER LONDON & MILLEN**
7  **LLC**
   923 Fayette St
8  Conshohocken, PA  19428
   Tel. (610) 234-6487│ Fax: (224) 632-4521
9  jjagher@fklmlaw.com
   kjustice@fklmlaw.com
10

11  Douglas A. Millen (pro hac vice forthcoming)
    Robert J. Wozniak, Jr. (pro hac vice
12  forthcoming)
    **FREED KANNER LONDON & MILLEN**
13  **LLC**
    2201 Waukegan Rd, Suite 130
14  Bannockburn, IL  60015
    Tel. (224) 632-4500 │ Fax: (224) 632-4521
15  dmillen@fklmlaw.com
    rwozniak@fklmlaw.com
16

17  Eustace de Saint Phalle
18  Rains Lucia Stern
    **St. Phalle & Silver, PC**
19  2300 Contra Costa Blvd.
    Pleasant Hill, CA 94523
20  Tel. (415) 341-9341 │ Fax: (925) 609-1690
    edesaintphalle@rlslawyers.com
21

22  *Attorneys for Plaintiff Rama Kolesnikow*

23

24  By: /s/ *Todd D. Carpenter*
    Todd D. Carpenter (CA Bar No. 234464)
25  Eric D. Zard (CA Bar No. 323320)
    **CARLSON LYNCH LLP**
26  1350 Columbia St., Ste 603
    San Diego, CA 92101
27  Telephone:  619-762-1900

Tel: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
rgaa@cpmlegal.com

R. Alexander Saveri (SBN 173102)
Cadio Zirpoli (SBN 179108
Sarah Van Culin (SBN 293181)
**SAVERI & SAVERI, INC.**
706 Sansome St., #200
San Francisco, CA 94111
Tel: (415) 217-6810
Fax: (415) 217-6813
rick@saveri.com;
cadio@saveri.com;
sarah@saveri.com

Randy Renick (SBN179652)
Cornelia Dai (SBN 207435)
**HADSELL STORMER RENICK &**
**DAI LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Tel: (626) 585-9600
Fax: (626) 577-7079
rrr@hadsellstormer.com
cdai@hadsellstormer.com

*Attorneys for Plaintiff Carpe Carma, LLC*

By:  /s/ *Dennis Stewart*
Dennis Stewart (SBN 99152)
Kirk B. Hulett (SBN 110726)
**GUSTAFSON GLUEK PLLC**
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (619) 595-3299
dstewart@gustafsongluek.com
khulett@gustafsongluek.com

Daniel E. Gustafson*
Daniel C. Hedlund*
**GUSTAFSON GLUEK PLLC**

13

Facsimile:   619-756-6991
tcarpenter@carlsonlynch.com
ezard@carlsonlynch.com

Katrina Carroll
**CARLSON LYNCH, LLP**
111 W. Washington St., Ste. 1240
Chicago, Illinois 60602
Telephone: (312) 750-1265
kcarroll@carlsonlynch.com

*Attorneys for Plaintiff Jose Enriquez*

By: /s/ *Daniel J. Mulligan*
**DEREK G. HOWARD LAW FIRM, INC.**
Derek G. Howard [SBN 118082]
Derek@derekhowardlaw.com
42 Miller Avenue
Mill Valley, CA 94941
Ph: (415) 432-7192

**JENKINS MULLIGAN & GABRIEL LLP**
Daniel J. Mulligan [SBN 103129]
10085 Carroll Canyon Rd., Ste. 210
San Diego, CA 92131
858-527-1792
dan@jmglawoffices.com

*Attorneys for Plaintiff Poe Valley LLC*

By: /s/ *Judith A. Zahid*
Christopher T. Micheletti (SBN 136446)
Judith A. Zahid (SBN 215418)
Qianwei Fu (SBN 242669)
**ZELLE LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
cmicheletti@zelle.com
jzahid@zelle.com
qfu@zelle.com

James R. Martin (SBN 173329)
Jennifer Duncan Hackett (pro hac vice forthcoming)

Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

*pro hac vice forthcoming*

*Attorneys for Plaintiff Donald Harris*

By: /s/ *David Azar*
David Azar (CA Bar No. 218319)
**MILBERG PHILLIPS GROSSMAN LLP**
16755 Von Karman Avenue, Suite 200
Irvine, California 92606
Telephone:   212-594-5300
Email:         dazar@milberg.com

**MILBERG PHILLIPS GROSSMAN LLP**
Peggy Wedgworth*
Andrei Rado*
Blake Yagman*
One Pennsylvania Plaza, Suite 1920
New York, New York 10119
Telephone:   212-594-5300
Email:         pwedgworth@milberg.com
                 arado@milberg.com
                 byagman@milberg.com

*pro hac vice forthcoming*

*Attorneys for Plaintiff Asante Cleveland*

By: /s/ *Sarah Grossman-Swenson*
Steven L. Stemerman (SBN 67690)
Sarah Grossman-Swenson (SBN 259792)
**MCCRACKEN, STEMERMAN & HOLSBERRY, LLP**
595 Market Street, Suite 800
San Francisco, CA 94105

14

**ZELLE LLP**
1775 Pennsylvania Avenue, NW, Suite 375
Washington, D.C. 20006
Telephone: (202) 899-4100
jmartin@zelle.com
jhackett@zelle.com

*Attorneys for Plaintiffs Craig Kelly and Civil Construction, Inc.*


By: /s/ *Brian D. Clark*
Brian D. Clark
Simeon A Morbey
**LOCKRIDGE GRINDAL NAUEN P.L.L.P**
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
bdclark@locklaw.com
samorbey@locklaw.com

*Attorneys for Plaintiffs James and Vanessa Long*


Terry Gross
Adam C. Belsky
**GROSS & BELSKY P.C.**
201 Spear Street, Suite 1100
San Francisco, California 94105
Tel: (415) 544-0200
terry@grossbelsky.com
adam@grossbelsky.com

*Attorneys for Plaintiff Ritual Coffee Roasters, Inc.*


Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com


William G. Caldes
[*Pro Hac Vice Application Forthcoming*]

Tel. 415.597.7200
Fax 415.597.7201
stem@msh.law
sgs@msh.law

Daniel A. Small (admitted *pro hac vice*)
Brent W. Johnson (*pro hac vice* forthcoming)
Matthew W Ruan (SBN 264409)
Robert W. Cobbs (*pro hac vice* forthcoming)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Tel. (202) 408-4600
Fax (202) 408-4699
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com
mruan@cohenmilstein.com
rcobbs@cohenmilstein.com

Richard L. Grossman (SBN 112841)
Philip L. Pillsbury Jr. (SBN 072261)
**PILLSBURY & COLEMAN, LLP**
100 Green Street
San Francisco, CA 94111
Tel. (415) 433-8000
Fax (415) 433-4816
rgrossman@pillsburycoleman.com

Stuart G. Gross (SBN 251019)
Timothy S. Kline (SBN 319227)
**GROSS & KLEIN LLP**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Tel. (415) 671-4628
Fax (415) 480-6688
sgross@grosskleinlaw.com
tk@grosskleinlaw.com

*Attorneys for Plaintiff Pioneer Fire, Inc.*

By: /s/ *Sean Tamura-Sato*
Sean Tamura-Sato (SBN 254092)

15

Jeffrey L. Spector
[*Pro Hac Vice Application Forthcoming*]
Rachel E. Kopp
[*Pro Hac Vice Application Forthcoming*]
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
BCaldes@srkattorneys.com
JSpector@srkattorneys.com
RKopp@srkattorneys.com

*Attorneys for Plaintiff Myra Burg*

Lisa P. Mak (SBN 260281)
Claire Choo (SBN 252723)
**MINAMI TAMAKI LLP**
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887
seant@minamitamaki.com
lmak@minamitamaki.com
cchoo@minamitamaki.com

*Attorneys for Plaintiff Saksee Isanpayu*

By:   */s/   Jeffrey Davidson*
Jeffrey Davidson
Phillip H. Warren
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2533
jdavidson@cov.com
pwarren@cov.com

*Attorneys for Defendants SK Energy Americas, Inc., SK Trading International Co. Ltd., and David Niemann*

By:   */s/ Amanda Bonn*
Amanda Bonn
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
abonn@susmangodfrey.com

Neal Manne
**SUSMAN GODFREY LLP**
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
nmanne@susmangodfrey.com

*Attorneys for Defendant Vitol Inc. and Brad Lucas*

**ATTESTATION**

I, Samantha J. Stein, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

/s/ Samantha J. Stein
Samantha J. Stein
HAUSFELD LLP