UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION | Case No. 20-cv-03131-JSC<br><br>**ORDER APPOINTING INTERIM CLASS COUNSEL** |

In this consolidated putative class action, Plaintiffs allege that Defendants entered into horizonal agreements to restrain competition in the spot market for gasoline formulated for use in California and certain gasoline blending components used in the gasoline.  The Court has received eight separate applications to serve as interim lead class counsel or co-lead interim class counsel in this action. (Dkt. Nos. 78-81, 83, 85-86, 88, 91, 98, 99.)  The Court also received eight supporting briefs from other Plaintiffs' counsel in this action.  (Dkt. Nos. 73, 74, 75, 76, 82, 87, 93, 96.)  On August 7, 2020, the Court heard argument from the counsel who applied for interim lead or co-lead interim counsel.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1).

1  Under that section, the court considers: "(i) the work counsel has done in identifying or
2  investigating potential claims in the action; (ii) counsel's experience in handling class actions,
3  other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge
4  of the applicable law; and (iv) the resources that counsel will commit to representing the class."
5  Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's
6  ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

7  Having reviewed all of the submissions and considered the factors set forth in Rule
8  23(g)(1)(A), and heard from counsel themselves at today's hearing, the Court GRANTS the
9  motion to be appointed as Co-Lead Interim Counsel of Girard Sharp and Hausfeld.
10 While all applicants would ably represent the putative class, the efforts already expended by
11 Hausfeld and Girard Sharp to identify and investigate the claims and to coordinate and move these
12 related cases forward since filing, together with the firms' significant and particularly specialized
13 expertise in complex antitrust litigation and class actions, gives the Court confidence that these
14 firms will efficiently and effectively represent the class. The Court also agrees with Mr.
15 Tobacco's observation that having an active client with a significant stake in the action is a plus.
16 Hausfeld's client, Pacific Wine Distributors, Inc., appears to be such a client. Accordingly, the
17 court appoints Hausfeld and Girard Sharp as Co-Lead Interim Class Counsel. Co-Lead Interim
18 Counsel shall submit a proposed order outlining the duties and responsibilities of co-lead interim
19 counsel by August 21, 2020.

20 The Court will leave to the discretion of Co-Lead Interim Class Counsel whether and to
21 what extent to involve other counsel in assisting with the litigation; however, the Court is
22 convinced that including counsel with significant experience working with the California Attorney
23 General's Office will be useful. The Court was particularly impressed with the experience and
24 presentation of Judith Zahid of Zelle LLP and therefore encourages Co-Lead Counsel to consider
25 including Ms. Zahid and her firm, along with any of the law firm applicants.

26 Pursuant to the parties' stipulation, Plaintiffs' Consolidated Amended Complaint is due in
27 21 days. (Dkt. No. 67.) Within 14 days of the filing of the Consolidated Amended Complaint, the
28 parties shall meet and confer regarding submission of a proposed schedule for responsive

pleadings, the parties' Rule 26(f) conference, and a case management conference. The parties shall submit the proposed joint schedule or competing schedules to the Court within 14 days of the meet and confer.

**IT IS SO ORDERED.**

Dated: August 7, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge