| | |
|---|---|
| Jeffrey M. Davidson (SBN 248620)<br>Phillip Warren (SBN 89744)<br>**COVINGTON & BURLING LLP**<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, California 94105-2533<br>Telephone: (415) 591-6000<br>Email:  jdavidson@cov.com<br>Email:  pwarren@cov.com | Michael E. Martinez (*pro hac vice*)<br>Lauren Norris Donahue (*pro hac vice*)<br>**K&L GATES LLP**<br>70 W. Madison St., Suite 3300<br>Chicago, Illinois 60602<br>Telephone:  (312) 372-1121<br>Email:  michael.martinez@klgates.com<br>Email:  lauren.donahue@klgates.com |

*Attorneys for Defendants SK Energy Americas, Inc., SK Trading International Co. Ltd., and David Niemann*

| | |
|---|---|
| Amanda Bonn (SBN 270891)<br>Eliza Finley (SBN 301318)<br>**SUSMAN GODFREY LLP**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br>abonn@susmangodfrey.com<br>efinley@susmangodfrey.com | John B. Quinn (SBN 090378)<br>Steven G. Madison (SBN 101006)<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>johnquinn@quinnemanuel.com<br>stevemadison@quinnemanuel.com |

*Attorneys for Defendant Vitol Inc. and Brad Lucas*

*Attorneys for Defendant Vitol Inc.*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civil Case No.: 3:20-cv-03131-JSC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:   January 28, 2021<br>Time:  9:00 a.m.<br>Dept:   San Francisco, Courtroom E<br>Judge:  Hon. Jacqueline S. Corley |

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendants SK Energy Americas, Inc. ("SKEA"), SK Trading International Co., Ltd., Vitol, Inc. ("Vitol"), Brad Lucas, and David Niemann request that the Court take judicial notice of the following six exhibits, true and correct copies of which are attached to the Declaration of Ethan Glass:

| Exhibit | Description |
| --- | --- |
| A | A report published by the California Energy Commission on October 21, 2019, entitled, "Additional Analysis on Gasoline Prices in California." This report is available at https://www.energy.ca.gov/sites/default/files/2019-10/Gas_Price_Report_0.pdf. |
| B | A report published by the United States Energy Information Administration on October 13, 2015, entitled, "California's gasoline imports increase 10-fold after major refinery outage." This report is available at https://www.eia.gov/todayinenergy/detail.php?id=23312. |
| C | An email exchange between Brad Lucas and David Niemann dated September 3, 2015, which was produced by Vitol to the California Attorney General during a pre-suit investigation and is partially quoted in Plaintiffs' Consolidated Class Action Complaint ("Complaint"). |
| D | A report published by the California Energy Commission on September 25, 2017, entitled, "Petroleum Market Advisory Committee Final Report December 2014 to November 2016" ("PMAC Report"). This report is available at https://efiling.energy.ca.gov/GetDocument.aspx?tn=221306&DocumentContentId=22709. |
| E | Vitol's Tolling Agreements with the California Attorney General dated March 8, 2019 and September 8, 2019. |
| F | SKEA's Tolling Agreements with the California Attorney General dated August 3, 2018, July 24, 2019, and January 21, 2020. |

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" and are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). On a motion to dismiss, "a court may take judicial notice

of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

The incorporation by reference doctrine allows a court to consider documents as though they were part of the complaint itself. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This is to prevent plaintiffs from cherry picking select portions of documents that support their claims, and omitting portions that do not support their claims. *Id*. A court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss." *Id*. (quotations and citation omitted and brackets in original).

Judicial notice of the Exhibits A through F is proper for the following reasons:

**I.    Exhibit A:  California Energy Commission Report (Oct. 21, 2019)**

Defendants request that the Court take judicial notice of Exhibit A, a report published by the California Energy Commission ("CEC") on October 21, 2019. Judicial notice of the fact that the CEC made the findings reflected in Exhibit A is appropriate as it is a matter of public record and is capable of accurate and ready determination by visiting the California Energy Commissions' official website at the link provided above. *See, e.g.*, *Hofer v. Emley*, No. 19-CV-02205-JSC, 2019 WL 4575389, at *25 (N.D. Cal. Sept. 20, 2019) (collecting cases and noting that "Courts in this circuit routinely take judicial notice of material contained on government agency website"); *Major v. City and County of San Francisco*, No. 15-cv-03426, 2017 WL 4419175, at *5 (N.D. Cal. Oct. 5, 2017) (taking judicial notice of official government reports available on official websites).

**II.    Exhibit B:  U.S. Energy Information Administration Report**

Defendants request that the Court take judicial notice of Exhibit B, a report published by the U.S. Energy Information Administration on October 13, 2015, which Plaintiffs quoted from in their Complaint to support their allegation that substantial amounts of gasoline and related products were imported from Asia after the explosion at the Torrance Refinery. Compl. ¶ 110. Judicial notice of the contents of this report is appropriate as it is a matter of public record and is capable of accurate and ready determination by visiting the U.S. Energy Information Administration's official website at the link provided above. *See, e.g.*, *Major*, 2017 WL 4419175, at *5 (taking judicial notice of official government reports available on official websites); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 568 n.13 (2007) ("District Court was entitled

to take notice of the full contents of the published articles" quoted in complaint); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (a court may take judicial notice of "matters of public record").

The Court may also consider the contents of Exhibit B under the incorporation by reference doctrine because Plaintiffs relied on this article in their Complaint and the authenticity of the article is not reasonably subject to dispute. *See* Compl. ¶ 110. Because the EIA report is "properly submitted as part of the complaint" and its authenticity is not contested, the Court may consider the contents of the report. *See Lee*, 250 F.3d at 688–89 (in considering a Rule 12(b)(6) motion, a court "may consider material which is properly submitted as part of the complaint" where authenticity is not contested and the plaintiffs' complaint relies on the material (internal citations and quotation marks omitted)).

### III. Exhibit C: September 3, 2015 Email Partially Quoted in the Complaint

Defendants also request that the Court consider the contents of Exhibit C under the incorporation by reference doctrine. To support the allegation that Vitol and SKEA worked together surreptitiously to "boost profits" from selling alkylate, Plaintiff's Complaint selectively quotes an email from David Niemann (SKEA trader) to Brad Lucas (Vitol trader). Compl. ¶¶ 132–133. Plaintiffs should not be permitted to selectively include only portions of a document that benefits them but omit the rest. *See Khoja*, 899 F.3d at 1002. Thus, the Court may consider the contents of this document under the incorporation by reference doctrine because Plaintiffs' claims necessarily rely on it and the authenticity of this document is not reasonably subject to dispute. *See id*. (finding that even though a complaint does not "'allege or describe the contents of the surrounding pages,' it was proper to incorporate the documents because the claim necessarily depended on them" (quotations and citation omitted)).

### IV. Exhibit D: California Energy Commission Report (Sept. 25, 2017)

Defendants request that the Court take judicial notice of Exhibit D, a report published by the CEC on September 25, 2017, which Plaintiffs relied on in their Complaint to show that gasoline prices were high from 2015 to 2017 on a differential basis relative to national averages. Compl. ¶¶ 141–47. Judicial notice of the contents of this report is appropriate as it is a matter of public record and is capable of accurate and ready determination by visiting the CEC's official website at the link provided above. *See, e.g.*, *Major*, 2017 WL 4419175, at *5; *Twombly*, 550 U.S. at 568 n.13. Further, this report is also

1  incorporated by reference.  Plaintiffs relied on this article in their Complaint and the authenticity of the
2  article is not reasonably subject to dispute.  *See Khoja*, 899 F.3d at 1002.

3      **V.**    **Exhibits E and F:  Vitol's and SK's Tolling Agreements with the California Attorney General**

5  Defendants also request that the Court take judicial notice of Exhibits E and F under the
6  incorporation by reference doctrine.  Plaintiffs rely on the content of these tolling agreements when they
7  allege that they are "applicable, in whole or in part, to the claims of Plaintiffs and the Class."  Compl.
8  ¶ 167.  These documents are incorporated by reference because Plaintiffs' claims necessarily rely on them
9  and the authenticity of these documents are not reasonably subject to dispute.  *See, e.g.*, *Shrem v.*
10 *Southwest Airlines Co.*, No. 15-cv-04567, 2016 WL 4170462, at *2 (N.D. Cal. Aug. 8, 2016) (considering
11 contents of contract under the incorporation by reference doctrine where the complaint referenced the
12 terms of that contract and the parties did not raise any dispute regarding its authenticity).

13 For the foregoing reasons, Defendants respectfully request the Court to judicially notice Exhibits
14 A through F.

15 Dated:  October 23, 2020                                        Respectfully submitted,

| | | |
|---|---|---|
| 1 | By: /s/ Jeffrey M. Davidson | By: /s/ Michael E. Martinez |
| 2 | Jeffrey M. Davidson (SBN 248620) | Michael E. Martinez (*pro hac vice*) |
| 3 | Phillip Warren (SBN 89744) | Lauren Norris Donahue (*pro hac vice*) |
| | Joan R. Li (SBN 312024) | Clifford C. Histed (*pro hac vice*) |
| 4 | **COVINGTON & BURLING LLP** | Stephen M. Humenik (*pro hac vice*) |
| | Salesforce Tower | Brian J. Smith (*pro hac vice*) |
| 5 | 415 Mission Street, Suite 5400 | John E. Susoreny (*pro hac vice*) |
| | San Francisco, California 94105-2533 | **K&L GATES LLP** |
| 6 | Telephone: (415) 591-6000 | 70 W. Madison St., Suite 3300 |
| 7 | Facsimile: (415) 591-6091 | Chicago, Illinois 60602 |
| | jdavidson@cov.com | Telephone: (312) 372-1121 |
| 8 | pwarren@cov.com | Facsimile: (312) 827-8000 |
| | jli@cov.com | michael.martinez@klgates.com |
| 9 | | lauren.donahue@klgates.com |
| | John S. Playforth (*pro hac vice*) | clifford.histed@klgates.com |
| 10 | Laura E. Brookover (*pro hac vice*) | stephen.humenik@klgates.com |
| 11 | Brendan D. Duffy (*pro hac vice*) | brian.j.smith@klgates.com |
| | Andrew W. Chang (SBN 319009) | john.susoreny@klgates.com |
| 12 | **COVINGTON & BURLING LLP** | |
| | One CityCenter | |
| 13 | 850 Tenth Street, NW | *Counsel for Defendants SK Energy* |
| 14 | Washington, DC 20001-4956 | *Americas, Inc., SK Trading International Co.* |
| | Telephone: (202) 662-6000 | *Ltd., and David Niemann* |
| 15 | Facsimile: (202) 662-6291 | |
| | jplayforth@cov.com | |
| 16 | lbrookover@cov.com | |
| | bduffy@cov.com | |
| 17 | achang@cov.com | |
| 18 | | |
| | *Counsel for Defendants SK Energy* | |
| 19 | *Americas, Inc., SK Trading International Co.* | |
| | *Ltd., and David Niemann* | |

| | |
|---|---|
| By: */s/ Ethan Glass* | By: */s/ Amanda Bonn* |
| John B. Quinn (SBN 090378)<br>Steven G. Madison (SBN 101006)<br>Shon Morgan (SBN 187736)<br>Ethan Glass (SBN 216159)<br>**QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>johnquinn@quinnemanuel.com<br>stevemadison@quinnemanuel.com<br>shonmorgan@quinnemanuel.com<br>ethanglass@quinnemanuel.com<br><br>John M. Potter (SBN 165843)<br>Justin Reinheimer (SBN 268868)<br>Christine W. Chen (SBN 327581)<br>**QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br>johnpotter@quinnemanuel.com<br>justinreinheimer@quinnemanuel.com<br>christinechen@quinnemanuel.com<br><br>*Counsel for Defendant Vitol, Inc.* | Amanda Bonn (SBN 270891)<br>Eliza Finley (SBN 301318)<br>**SUSMAN GODFREY LLP**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br>abonn@susmangodfrey.com<br>efinley@susmangodfrey.com<br><br>Neal Manne<br>Alex Kaplan<br>**SUSMAN GODFREY LLP**<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666<br>nmanne@susmangodfrey.com<br>akaplan@susmangodfrey.com<br><br>*Counsel for Defendants Vitol, Inc. and Brad Lucas* |

### **ATTESTATION**

I, Ethan Glass, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: October 23, 2020                                                  By: */s/ Ethan Glass*
                                                                                                Ethan Glass