UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION | Case No. 20-cv-03131-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 243 |

The Court is in receipt of the parties' joint discovery letter brief regarding the protective order to govern this case. (Dkt. No. 243.) Having considered the parties' submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and orders as set forth below.

**DISCUSSION**

The parties have agreed upon the form of the protective order with two exceptions. (Dkt. No. 243-1.[1]) Defendants propose that the protective order include two provisions from the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets regarding experts. (*Id*. at Sec. 2.7, Sec. 7.4.) Plaintiffs object to inclusion of these provisions insisting that they are not appropriate in this antitrust action and that they would unduly constrain expert discovery. The Court orders inclusion of Section 7.4 (with modification), but not Section 2.7.

Section 7.4 requires a party to identify a retained expert to a disclosing party before showing the retained expert the disclosing party's highly confidential information. Identifying the

---

[1] The paragraph numbers of the complaint are in places not sequential. The Court thus instead refers to the ECF page number cite here.

1  expert will allow the designating party to determine if there are grounds for moving the Court to
2  prohibit that expert from seeing the highly confidential information for some particular reason.
3  However, Section 7.4 shall be modified in accordance with the modifications ordered by the court
4  in *In re Google Assistant Privacy Litig*., No. 19-CV-04286-BLF(SVK), 2020 WL 4698810 (N.D.
5  Cal. Aug. 13, 2020); namely, the receiving party shall disclose: (i) the full name of the Expert and
6  the city and state of his or her primary residence, and (ii) a copy of the Expert's current resume,
7  which shall account for at least the past five years of the Expert's work. *Id.* at *3.  It is not
8  unreasonable to ask a party to disclose the identities of persons given access to a party's highly
9  confidential information.  If the receiving party believes that the material is not truly highly
10 confidential, and thus that disclosure of the expert's identity should not be required, the protective
11 order gives the receiving party the opportunity to challenge the designation of material as highly
12 confidential in the first place.
13       With Section 7.4 as modified, the Court is not persuaded that the blanket prohibition of
14 Section 2.7 is necessary.  If the receiving party identifies an expert which the designating party
15 believes poses an unreasonable risk of competitive harm for whatever reason—then the Court can
16 and should rule in context whether disclosure to that expert is warranted if the parties are unable to
17 resolve the dispute among themselves.
18       The parties shall submit a protective order to the Court in accordance with this Order by
19 December 4, 2020.
20       This Order disposes of Docket No. 243.
21       **IT IS SO ORDERED.**
22 Dated: November 24, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge