UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: GASOLINE SPOT MARKET ANTITRUST LITIGATION | Case No. 20-cv-03131-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF FOR PRODUCTION OF NON-PARTY PHONE RECORDS**<br><br>Re: Dkt. No. 354 |

Now pending before the Court is a discovery dispute joint letter regarding Plaintiffs' subpoena of cell phone records. (Dkt. No. 354-4.) After reviewing the submission, the Court concludes that oral argument is not required. *See* N.D. Cal. Civ. L.R. 7-1(b).

It is well settled that individuals generally do not have legitimate privacy interests in the telephone numbers called to and from their cell phones. *See, e.g., In re Broiler Chicken Antitrust Litig.,* No. 1:16-CV-08637, 2017 WL 6569720, at *2 (N.D. Ill. Dec. 22, 2017). On the other hand, given our ubiquitous use of cell phones, disclosing every call and text an individual makes is likely to reveal some private, irrelevant information. *Cf. Carpenter v. United States,* 138 S. Ct. 2206, 2217 (2018) (observing that time-stamped cell phone location data "provides an intimate window into a person's life, revealing not only his particular movements, but through them his 'familial, political, professional, religious, and sexual associations'") (internal citations omitted). Thus, as the Court noted at the last case management conference, most Americans would likely be surprised to learn that their personal cell phone records—including text messages—could be turned over to strangers merely because a lawyer issues a subpoena to a cell phone company. The Court thus believes it has a responsibility to ensure that Plaintiffs obtain potentially relevant discovery without unnecessarily infringing on expectations of privacy, even if those expectations

are not always supported by the law.

In this alleged price fixing case that balance is struck by having Defendants redact the telephone numbers and texts of any personal calls. The subjects of the subpoenaed records are in the best position to know if a telephone number belongs to a family member, friend, or service provider and is thus unrelated to business. To be clear, any calls related to Vitol and SK's business, whether Defendants believe relevant or not, are not personal, and thus, the numbers and text messages may not be redacted absent some showing of privilege. This is especially so as Plaintiffs allege, and Defendants do not dispute, that the cell phones for which records were subpoenaed were furnished by Defendants and that Defendants subsidized the ongoing service. (Dkt. No. 354-4 at 2.)

While personal numbers and the contents of personal texts may be redacted, there is no justification for redacting the dates and times of such calls. To do so would allow Defendants' counsel, no doubt unintentionally, to hide from Plaintiffs communications that occurred at particularly relevant times. The iterative process the Court envisioned only works if dates and times are disclosed.

Defendants insist that Plaintiffs should have to identify the persons they believe are relevant and Defendants will then disclose those phone numbers and related texts but everything else will be redacted. But the cases upon which they rely are distinguishable. *Dapkus v. ArthurJ. Gallagher Serv. Co.*, 2021 WL 83479, at *8 (D. Conn. Jan. 11, 2021), involved the therapist-patient privilege. Defendants do not identify any similar privilege at issue here for the personal phone numbers, let alone calls and texts that are business related. And in *Jones v. St. Francis Hosp., Inc.*, 2014 WL 7140405, at *1 (M.D. Ga. Dec. 12, 2014), the employment discrimination plaintiff sought the cell phone records of the decisionmaker on the oft-chance that she had made calls or texts relevant to the plaintiff's claims. Here, in contrast, we have a price-fixing antitrust case and evidence that the cell phones were used to conduct business relevant to Plaintiffs' claims. *Weiner v. McKeefery*, 2013 WL 12368828, at *4 (E.D.N.Y. Sep. 5, 2013), was a malicious prosecution action by a husband against his former wife and he had subpoenaed his wife's home telephone records. Nothing more need be said about that case.

2

Defendants' analogy to email searches is unpersuasive. Search terms are used in part to reduce burden; if Defendants had to produce every email regardless of relevance then their attorneys would have to review every email. But in the phone-record context, Defendants have to review all the phone records regardless. There is simply no precedent for what Defendants seek here: allowing the redaction on relevance grounds of business information.

## CONCLUSION

Defendants reiterated that they "proposed redaction of irrelevant personal material as a practical and efficient compromise that reasonably permits Plaintiffs to obtain any relevant, discoverable information while respecting the privacy interests of the individuals whose cell records Plaintiffs subpoenaed." (Dkt. No. 354-4 at 7.) The Court agrees; Defendants can redact *personal* material.

Defendants shall identify, in the first instance, presumptively personal phone numbers (e.g., family members, friends, personal service providers) so that Defendants can redact information about calls involving those numbers (but not the call dates/times) and produce everything else pursuant to the Protective Order (Dkt. No. 252). If Plaintiffs have reason to believe that a date/time for a redacted call or message coincides with a communication they believe to be work-related (e.g. a work-related email immediately before such a call or message saying "call me"), the parties shall meet and confer and if necessary submit the records in question for review by the Court.

**IT IS SO ORDERED.**

Dated: October 18, 2021

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3