```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

            BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY


IN RE:                              )    No. 3:20-cv-03131-JSC
                                    )
CALIFORNIA GASOLINE SPOT            )    San Francisco, California
MARKET ANTITRUST LITIGATION         )    Thursday
                                    )    October  28, 2021
                                    )    2:01 p.m.
```

**TRANSCRIPT OF FURTHER CASE MANAGEMENT CONFERENCE
HELD VIA ZOOM**

**APPEARANCES**:

| | |
|---|---|
| **For Plaintiffs:** | HAUSFELD, LLP<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111 |
| **BY:** | **SAMANTHA STEIN, ESQ.** |
| | Girard Sharp LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108 |
| **BY:** | **DENA C. SHARP, ESQ.**<br>**MIKAELA M. BOCK, ESQ.** |
| **For SKEA, SKTI,<br>and D Niemann:** | Covington & Burling LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105 |
| **BY:** | **JEFFREY MICHAEL DAVIDSON, ESQ.** |
| | K & L Gates LLP<br>70 W. Madison Street<br>Chicago, IL 60602 |
| **BY:** | **MICHAEL E. MARTINEZ, ESQ.** |

APPEARANCES CONTINUED.

| | |
|---|---|
| Transcription Company: | Access Transcripts, LLC<br>10110 Youngwood Lane<br>Fishers, IN 46038<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

TELEPHONIC APPEARANCES (Continued):

| | |
|---|---|
| **For Vitol, Inc. and Brad Lucas:** | Susman Godfrey LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>**BY: AMANDA BONN, ESQ.**<br>**MICHAEL KELSO, ESQ.** |
| **For Vitol, Inc.:** | Quinn Emanuel Urquhart & Sullivan, LLP<br>865 South Figueroa Street<br>10th Floor<br>Los Angeles, CA 90017-2543<br>**BY: ETHAN GLASS, ESQ.**<br>**STEVEN G. MADISON, ESQ.** |
| **For The People of the State of California:** | California Department of Justice<br>455 Golden Gate Ave, Suite 11000<br>San Francisco, CA 94102-7020<br>**BY: RYAN JOSEPH MCCAULEY, ESQ.**<br>**NELL GIBSON MOLEY, ESQ.**<br>**ERIC J. CHANG, ESQ.** |

| | |
|---|---|
| 1 | **Thursday - October 28, 2021**                                **2:01 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** -- appearances. Just say your name. I |
| 5 | will have you appearing appearance. Thank you. Oh, calling |
| 6 | Civil Action C20-3131, In re California Gasoline Spot Market |
| 7 | Antitrust Litigation. |
| 8 | **THE COURT:** All right. Good afternoon, and thank |
| 9 | you for your statement. I guess the main thing we need to |
| 10 | talk about is your proposed order, which I guess I kind of |
| 11 | missed, but in any event, we now need to modify it and you |
| 12 | wanted to talk about that. Before we do that, let me just say |
| 13 | I recognize that the parties may be having to file a motion to |
| 14 | compel in Maryland. And, of course, I think we all recognize |
| 15 | the schedule may be -- have to be adjusted depending on what |
| 16 | the Maryland court does. So I just wanted to put that out |
| 17 | that I recognize that, but that's beyond your control. |
| 18 | Okay. So what should we talk about with respect to |
| 19 | the -- I have the proposed order that you submitted before. |
| 20 | **MR. DAVIDSON:** So Your Honor, I think there's only |
| 21 | one item with respect to the proposed order that we wanted to |
| 22 | bring up, which was the deposition limits. The Court set an |
| 23 | hours limit at a moment in time when there were five |
| 24 | defendants and set 140 hours. Now, there are four defendants |
| 25 | because the Court dismissed the Korean SK entity from the |

1  case.  And so our view is that there should be a pro rata
2  reduction in the number of deposition hours as a result.
3       **THE COURT:**  It's okay.  It's okay.  It's one thing
4  to not have discovery relevant to the case, and it's another
5  thing to have a lack of personal jurisdiction, and they don't
6  necessarily overlap at all.  So I wouldn't be declined [sic]
7  to do that now.
8      Now, on the other hand, as discovery progresses, if it
9  looks like it's way too many hours and if the plaintiffs are
10 wasting hours just to use their hours, which I don't think
11 will happen, but should it happen, I'd be happy to revisit it
12 at this time.  But now, just based solely on them getting out
13 on the basis of lack of personal jurisdiction query whether
14 the California State Court of Appeals affirms the state court,
15 I'd be bound by that.  I don't know what would happen then.
16 Anyway, interesting question.
17     So anyway, that's my feeling, Mr. Davidson, is it's not
18 necessarily proportionate there because I think they
19 definitely will have some discovery relevant to the case.
20      **MR. DAVIDSON:**  Okay.  We'll be back in touch with
21 the (indiscernible).  I mean, I guess our view of it was if
22 they were planning on taking, like, 3 of their 20 depositions
23 from this entity and that no longer is going to take place,
24 it's not clear to us why three additional depositions should
25 be heaped on the remaining defendants, but I guess we can wait

1  and see what the --
2        **THE COURT:**  Well, you can wait and see.  Yeah, we
3  can wait.  I mean, you know, the numbers are always, so you
4  understand, somewhat arbitrary anyway to begin with.  We don't
5  know.  And to a large extent, I'm relying on the
6  professionalism of everyone to only take the discovery that
7  they need.  And it's not in anyone's interest to be using all
8  the time just because you have the time.  It's rare --
9  probably you guys would tell me in that case -- that in that
10 140th hour, you got that nugget that you have been looking
11 for, right.  So I don't think it will be an issue, but I'm
12 happy to revisit it if it becomes an issue.
13      So other than that, should I just enter then the order
14 that's at Docket Number, I think 339-1?
15       **MS. SHARP:**  Yes, Your Honor.  Thank you.  I believe
16 that's the last one, and I'll reserve the argument that I had
17 on that issue.  Thank you.
18       **THE COURT:**  Yeah, okay.  And then, I think, the
19 parties wanted something soon to rethinking toward the --
20 before Thanksgiving, first week in December.  What did you
21 have in mind?
22       **MS. SHARP:**  Your Honor, Ms. Stein and I talked
23 before the conference, and we recognize that the Thanksgiving
24 holiday throws a wrinkle in things, and we have a substantial
25 completion deadline of November 1st.  We worry that we won't

1    really have our arms completely around any trailing issues by
2    around the 11th or so, which I think is what we need to do to
3    have our conference before Thanksgiving.  So especially in
4    light of the Court's opening comments here, I think what we
5    would suggest, if it's acceptable to the Court and to our
6    colleagues on the other side, a December 2nd case management
7    conference with a statement that would go in right before the
8    Thanksgiving holiday.  We know how Your Honor feels about
9    working over Thanksgiving, and so that was our thought on it,
10   but we're open to whatever works.
11         **THE COURT:**  Well, actually, I would be willing to
12   do -- well, let's see if the 2nd works for the defendants.
13   It'll be by video, 1:30.
14         **MR. DAVIDSON:**  This is Jeff Davidson, and I'll -- I
15   don't think we have too much of a problem with it, although --
16   and we do have some concerns about the plaintiffs' document
17   production.  I mean, as it stands today, the substantial
18   completion deadline is Monday, and for six of the eight
19   plaintiffs, we have zero documents.  And, you know, we can't
20   even get them to tell us what they're doing --
21         **THE COURT:**  You will, you will, don't worry.  Okay.
22   So it sounds like we should then meet on December 2nd at 1:30.
23   Let's make your -- if -- let's make your statement maybe due
24   the 30th, the Tuesday after Thanksgiving.  Then, you guys
25   could all, you know -- then it'll be more up-to-date and you

1  could deal with it on the 29th.
2           **MS. SHARP:**  Super.  Thank you, Your Honor.
3           **THE COURT:**  I like to have it a week in advance
4  because then sometimes I say, oh, I don't need it, but that's
5  not going to be the case here.  So the 30th.  Then, I can get
6  the most up-to-date information.
7       Okay, great.  I will see you then.
8           **MS. SHARP:**  Thank you very much, Your Honor.
9           **THE COURT:**  Thank you.
10          **MS. STEIN:**  Thank you, Your Honor.
11          **MR. DAVIDSON:**  Thank you, Your Honor.
12       (Proceedings adjourned.)
13
14
15                    **C E R T I F I C A T I O N**
16
17       I, Ilene Watson, court-approved transcriber, hereby
18  certify that the foregoing is a correct transcript from the
19  official electronic sound recording of the proceedings in the
20  above-entitled matter.
21
22  *[signature: Ilene Watson]*
23  _____
24  Ilene M. Watson, AAERT No. 447
25  Monday, November 8, 2021