1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    PACIFIC WINE DISTRIBUTORS, INC., et        Case No. 20-cv-03131-JSC
     al.,

8                    Plaintiffs,               **ORDER RE: VITOL MOTION TO
                                               COMPEL COMPLIANCE WITH
9           v.                                 SUBPOENA**

10   VITOL INC., et al.,                        Re: Dkt. No. 389

11                   Defendants.

12

13          Pending before the Court is Defendant Vitol's motion to compel Chevron to comply with

14   Request No. 2 of Vitol's Rule 45 subpoena.  (Dkt. No. 389.)  In particular, Vitol seeks to require

15   non-party Chevron to produce its entire discovery production, including unredacted expert reports

16   and deposition transcripts, made in *Persian Gulf Inc. v. BP W. Coast Prod. LLC*, No. 3:15-CV-

17   01749-L-BGS (S.D. Cal.).  After carefully considering the parties' written submissions, and

18   having the benefit of oral argument on May 11, 2022, the Court DENIES Vitol's motion as it has

19   not shown that all of Chevron's production in *Persian Gulf* is relevant to a claim or defense in this

20   case.  The Court nonetheless orders Chevron to produce what it offered in January 2022.

21                                **LEGAL STANDARD**

22          Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena.  "The

23   scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the

24   scope under Rule 26(b)."  *Maplebear Inc. v. Uber Techs., Inc.*, No. 21-MC-80007-SK, 2021 WL

25   1845535, at *1 (N.D. Cal. Mar. 23, 2021).  Under Rule 26(b), a party "may obtain discovery

26   regarding any nonprivileged matter that is relevant to any party's claim or defense and

27   proportional to the needs of the case...."  Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if it has

28   "any tendency to make ... more or less probable ... [a] fact [that] is of consequence in determining

United States District Court
Northern District of California

1    the action." Fed. R. Evid. 401.  Vitol, the party that issued the subpoena, bears the burden of

2    demonstrating relevancy.  *Pers. Audio LLC v. Togi Ent., Inc.*, No. 14-MC-80025 RS (NC), 2014

3    WL 1318921, at *2 (N.D. Cal. Mar. 31, 2014).  Further, Rule 45 provides that the Court shall

4    quash or modify a subpoena that imposes an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv).

5                                          **DISCUSSION**

6                Vitol has not met its burden of showing that every single document, expert report, and

7    deposition transcript (from January 2013 to the present) produced by Chevron in *Persian Gulf* is

8    relevant to this litigation.  While some of the discovery is likely relevant to claims and defenses in

9    this action, Vitol does not even attempt to show how *all* of it is.  This omission is especially

10   glaring given that Vitol has the benefit of the production to the California Attorney General's

11   Office and the summary judgment briefing in the *Persian Gulf* litigation.  In light of those

12   productions, Vitol should be able to make targeted requests that fill the gaps as opposed to seeking

13   a blanket order directing production of everything produced in *Persian Gulf.*

14               The cases upon which Vitol relies in is motion are very different from the issue here: each

15   involved clone discovery of litigation involving the *same defendant and the same factual*

16   *allegations*.  In *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799 (N.D. Cal. Mar. 24,

17   2017), for example, the "clone discovery" involved false advertising claims against the same

18   defendant and based on the same representations.  *Id.* at *2-3; *see also Costa v. Wright Med.*

19   *Tech., Inc.*, 2019 WL 108884, at *1 (D. Mass. Jan. 4, 2019) (ordering clone discovery in product

20   liability action from a product liability lawsuit involving same defendant and product; denying

21   such discovery for lawsuits involving same defendant but different product or defect); *Whitman v.*

22   *State Farm Life Ins. Co.*, 2020 WL 5526684 *2 (W.D. Wash. Sept. 15, 2020) (ordering clone

23   discovery from case "the same defendant, the same policy form, the same claims, and the same

24   alleged wrongful conduct alleged in the instant action").  Here, in contrast, the *Persian Gulf*

25   litigation does not involve *any* of the same parties and it alleges a different conspiracy.

26               In its reply memorandum, Vitol cites two cases involving discovery from non-parties.

27   Neither is persuasive.  In *In re McKesson Governmental Entities Average Wholesale Price*

28   *Litigation*, 264 F.R.D. 595 (N.D. Cal. 2009), a lawsuit pending in Massachusetts alleged that

United States District Court
Northern District of California

2

McKesson and First Databank entered into a scheme to artificially increase the published average wholesale price for prescription drugs. *Id.* at 597. McKesson served a subpoena for documents produced in another case which challenged the exact same scheme. *Id.* The producing party did not dispute the relevance of the documents sought; instead, it argued only that the deliberative process privilege applied to many of the documents and it would be an undue burden for the party to have to engage in that privilege review. *Id.* at 599 (the producing party "does not argue with Defendant's assertion of relevance or dispute its need for the documents"). Not so here. And, here, unlike *McKesson*, the allegedly fraudulent scheme in the subpoenaed litigation involves different players, different time periods, and different methods, although it allegedly resulted in a similar result: higher gasoline prices for some of the same time period.

In *Tessera, Inc. v. Micron Technology, Inc.*, 2006 WL 733498 (N.D. Cal. March 22, 2006), the non-party objected to production of the requested litigation documents on the grounds that none were relevant. The court rejected that argument. There was no argument, or discussion, as to whether some, but not all, documents were relevant; instead, the non-party made an all or nothing argument. *Id.* at *3-4. Here, in contrast, Chevron argues that Vitol has not shown that all of the documents Chevron produced in litigation involving a different alleged conspiracy are relevant and that instead Vitol must seek more targeted discovery. The Court agrees.

Vitol's emphasis on the lack of burden to Chevron misses the point. First, before the Court addresses burden, the subpoenaing party must demonstrate relevance. Second, it ignores the burden of producing confidential business information. Every time a business is required to permit its confidential information to be shared there is a risk, and thus a burden, that it will not be maintained as confidential notwithstanding protective orders. Sometimes the need for the information outweighs that burden, but Vitol does not even address that burden, let alone establish its need for all of the information.

Accordingly, Vitol's motion to compel is DENIED. As Chevron no doubt possesses some relevant information, the parties shall meet and confer **in person or by video** regarding Chevron's production of documents as offered in its January 31, 2022 correspondence. (Dkt. No. 412-1 at ¶ 8.) Further, to the extent not encompassed by its January 31, 2022 proposal, Chevron must abide

by its oral argument offer to consider Vitol's requests that are tethered to gaps left by the summary judgment record, the California Attorney General's production, and the productions of the other non-parties.

      This Order disposes of Docket No. 389.

      **IT IS SO ORDERED.**

Dated: May 11, 2022

JACQUELINE SCOTT CORLEY
United States District Judge