**REDACTED - PROVISIONALLY FILED UNDER SEAL**

Jeffrey M. Davidson (Bar No. 248620)
Phillip Warren (Bar No. 89744)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: jdavidson@cov.com
Email: pwarren@cov.com

*Attorneys for Defendants SK Energy Americas, Inc., and David Niemann*

Michael Martinez (*pro hac vice*)
Lauren Norris Donahue (*pro hac vice*)
K&L GATES LLP
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Email: michael.martinez@klgates.com
Email: lauren.donahue@klgates.com

*Attorneys for Defendant SK Energy Americas, Inc.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION

Case No. 3:20-CV-03131-JSC

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS OF BARRY P. SCHAPS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date: July 20, 2023
Hearing Time: 10:00 a.m.
Judge: Hon. Jacqueline Scott Corley
Courtroom: 8, 19th Floor

# TABLE OF CONTENTS


NOTICE OF MOTION AND MOTION TO EXCLUDE ........ 1

ISSUE TO BE DECIDED ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. STATEMENT OF RELEVANT FACTS ........ 3

A. Mr. Schaps's Qualifications ........ 3

B. Mr. Schaps's Opinions ........ 5

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 6

A. Mr. Schaps's Opinions that SKEA and Vitol [redacted] Should Be Excluded. ........ 6

1. Mr. Schaps Is Not Qualified to Opine on [redacted]. ........ 6

2. Mr. Schaps's Opinions Regarding Defendants' [redacted] Lack Any Reliable Methodology and Are Irrelevant. ........ 8

a) Mr. Schaps's Opinions Regarding Defendants' [redacted] Are Not Reliable. ........ 8

b) Mr. Schaps's Opinions Regarding Defendants' [redacted] Are Irrelevant and Unhelpful. ........ 12

B. Mr. Schaps's Opinion that [redacted] Should Be Excluded. ........ 13

1. Mr. Schaps Is Not Qualified to Opine that [redacted] ........ 13

2. Mr. Schaps's Opinion that [redacted] Is an Improper Narrative Summary. ........ 14

C. Mr. Schaps's Opinion that Defendants [redacted] Should Be Excluded. ........ 15

1. Mr. Schaps Is Not Qualified to Opine About [redacted]. ........ 16

2. Mr. Schaps's Opinion that Defendants [redacted] Is Unreliable and Unsupported by Any Objective Methodology. ................ 17

a) Mr. Schaps's [redacted] Are Purely Subjective and Unreliable. ........................................................................ 17

b) Mr. Schaps's Opinion Regarding [redacted] Is an Improper Narrative Gloss of the Discovery Record and Public Documents. 19

c) Mr. Schaps's Opinion that Defendants [redacted] Should Be Excluded Because It Is a Poorly Disguised Legal Conclusion. ........................................................................ 20

D. Mr. Schaps's Opinion that [redacted] Should Be Excluded. ........................................................................ 20

1. Mr. Schaps Is Not Qualified to Opine that [redacted]. ................ 21

2. Mr. Schaps's Opinion that [redacted] Is Unsupported and Unreliable. ........................................................................ 22

E. Mr. Schaps's Opinion that [redacted] Is Not Based on Specialized Knowledge. ........ 24

V. CONCLUSION ........................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFMS LLC v. United Parcel Service Co.*,
2014 WL 12515335 (C.D. Cal. Feb. 5, 2014)....20

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
613 F. Supp. 3d 1308 (S.D. Cal. 2020)....19

*City of Grass Valley v. Newmont Mining Corp.*,
2008 WL 544388 (E.D. Cal. Feb. 26, 2008)....6, 8, 16

*City of Tuscaloosa v. Harcros Chems., Inc.*,
158 F.3d 548 (11th Cir. 1998) ....19

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993).... *passim*

*Diviero v. Uniroyal Goodrich Tire Co.*,
114 F.3d 851 (9th Cir. 1997) ....19

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ....5

*Fujifilm Corp. v. Motorola Mobility LLC*,
2015 WL 757575 (N.D. Cal. Feb. 20, 2015) ....9, 14

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997)....24

*Grodzitsky v. Am. Honda Motor Co.*,
957 F.3d 979 (9th Cir. 2020) ....5, 6, 8, 15

*Highland Capital Mgmt. L.P. v. Scheider*,
379 F. Supp. 2d 461 (S.D.N.Y. 2005)....9

*In re Ford Tailgate Litig.*,
2015 WL 7571772 (N.D. Cal. Nov. 25, 2015) ....10, 11, 19

*In re Rezulin Products Liab. Litig.*,
309 F. Supp. 2d 531 (S.D.N.Y. 2004)....9, 14, 19

*Johns v. Bayer Corp.*,
2013 WL 1498965 (S.D. Cal. Apr. 10, 2013)....19

*Lucido v. Nestle Purina Petcare Co.*,
217 F. Supp. 3d 1098 (N.D. Cal. 2016) .... *passim*

*Lust By & Through Lust v. Merrell Dow Pharms., Inc.*,
89 F.3d 594 (9th Cir. 1996) ....................5, 18

*Mariscal v. Graco, Inc.*,
2014 WL 4245949 (N.D. Cal. Aug. 27, 2014) ....................23

*McClellan v. I-Flow Corp.*,
710 F. Supp. 2d 1092 (D. Or. 2010) ....................19, 24

*Mullins v. Premier Nutrition Corp.*,
178 F. Supp. 3d 867 (N.D. Cal. 2016) ....................6, 7

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
523 F.3d 1051 (9th Cir. 2008) ....................20

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ....................5

*Open Text S.A. v. Box, Inc.*,
2015 WL 349197 (N.D. Cal. Jan. 23, 2015) ....................6, 11, 5

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
2018 WL 6511146 (N.D. Cal. Dec. 11, 2018) ....................20

*Samuels v. Holland Am. Line-USA Inc.*,
656 F.3d 948 (9th Cir.2011) ....................16, 22

*U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3*,
313 F. Supp. 2d 213 (S.D.N.Y. 2004)....................20

*United States v. Chang*,
207 F.3d at 1171 ....................6, 8

*United States v. Sandoval-Mendoza*,
472 F.3d 645 (9th Cir. 2006) ....................5, 6

*Walker v. Contra Costa Cnty.*,
2006 WL 3371438 (N.D. Cal. Nov. 21, 2006) ....................20, 24

*Wilson v. Woods*,
163 F.3d 935 (5th Cir. 1999) ....................6, 8, 16, 22

**Other Authorities**

3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* (2d ed. 1997)....................20

Fed. R. Civ. P. 23(b)(3)....................1

Fed. R. Evid. 702 .................... *passim*

**NOTICE OF MOTION AND MOTION TO EXCLUDE**

PLEASE TAKE NOTICE that on July 20, 2023, at 10:00 a.m., or as soon as thereafter as the matter may be heard, before the Honorable Jacqueline Scott Corley, Phillip Burton United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Courtroom 8, 19th Floor, Defendants Vitol Inc.; SK Energy Americas Inc.; David Niemann; and Brad Lucas (collectively "Defendants") will, and hereby do, move for the exclusion of the proposed expert testimony of Barry P. Schaps pursuant to Rule 702 of the Federal Rules of Evidence.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities and information cited therein, the arguments of counsel, and such other submissions that the Court may consider.

**ISSUE TO BE DECIDED**

Whether the opinions expressed in the report of Plaintiffs' expert Barry P. Schaps are admissible under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants move to exclude the opinions of Barry Schaps. Plaintiffs proffer Mr. Schaps to provide expert opinions regarding [redacted]. Mr. Schaps's opinions form the foundation for the chain of expert analyses that Plaintiffs contend permit them to satisfy the requirements of Federal Rule of Civil Procedure 23(b)(3), but the opinions are inadmissible under Federal Rule of Evidence 702 and *Daubert*.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] until November 2022, two months after Plaintiffs' counsel first requested in September an extension of the October 16, 2022 deadline for expert reports, and the same month Plaintiffs' counsel requested yet another extension of expert discovery, supposedly to "stay generally aligned" with the parallel state proceeding and because of "the holidays."

Mr. Schaps's other opinions are equally flawed and inadmissible. The Court should exclude Mr. Schaps's opinions in their entirety because he does not have the qualifications necessary to offer them and because they are unreliable, irrelevant, and unhelpful to the Court.

## II. STATEMENT OF RELEVANT FACTS

### A. Mr. Schaps's Qualifications

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

### B. Mr. Schaps's Opinions

Mr. Schaps offers [redacted]

## III. LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence requires a proffered expert witness to be "qualified . . . by knowledge, skill, experience, training, or education." The witness's testimony must (a) "help the trier of fact to understand the evidence or to determine a fact in issue," (b) be "based on sufficient facts or data," (c) be the "product of reliable principles and methods," and (d) have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of the expert witness testimony has the burden of proving its admissibility. *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

"In a class proceeding, defendants may challenge the reliability of an expert's evidence under *Daubert*." *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 n.7 (9th Cir. 2022) (en banc); *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984-87 (9th Cir. 2020) (affirming district court's exclusion of an expert report offered in support of class certification under *Daubert*); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). The trial court's role is to perform a "gatekeeping function" to "ensure that all admitted expert testimony is both relevant and reliable." *Grodzitsky*, 957 F.3d at 984 (citing *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017)). Expert testimony is reliable only if "the knowledge underlying it 'has a reliable basis in the knowledge and experience of [the relevant] discipline.'" *United States v. Sandoval-Mendoza*, 472 F.3d

645, 654 (9th Cir. 2006) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)). "[A] critical prerequisite is that the underlying methodology be sound. When it is not, exclusion of the expert's opinion is proper." *Open Text S.A. v. Box, Inc.*, 2015 WL 349197, at *2 (N.D. Cal. Jan. 23, 2015) (citations omitted); *see also Grodzitsky*, 957 F.3d at 987 (affirming exclusion of expert testimony at the class certification stage because of "methodological flaws"). Even if an expert's opinion is reliable, it will be inadmissible if it is unhelpful to the trier of fact. *Daubert*, 509 U.S. at 591-92.

## IV. ARGUMENT

Defendants move to exclude all of Mr. Schaps's opinions. Mr. Schaps lacks the qualifications necessary to opine on [redacted]

### A. Mr. Schaps's Opinions that [redacted] Should Be Excluded.

[redacted]

#### 1. Mr. Schaps Is Not Qualified to Opine on Defendants' [redacted].

"Expert witnesses may not provide expert testimony on subjects on which they are not qualified as experts." *City of Grass Valley v. Newmont Mining Corp*., 2008 WL 544388, at *2 (E.D. Cal. Feb. 26, 2008) (citing *United States v. Chang*, 207 F. 3d 1169, 1173 (9th Cir. 2000)); *Wilson v. Woods*, 163 F.3d 935, 937-38 (5th Cir. 1999) (affirming exclusion of proffered accident reconstruction expert who had conducted no research or analysis and had no publications in that field). This is especially true when a witness may have expertise in one field, but purports to apply that expertise in a different field. *Mullins v.*

*Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 900 (N.D. Cal. 2016) ("Even the most qualified expert may not offer any opinion on any subject; the expert's opinion must be grounded in his or her personal 'knowledge, skill, experience, training, or education.'") (citations omitted).

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

---

[1] OPIS Spot Differentials are the California-specific basis prices most commonly used for California spot market transactions for gasoline, and are what Plaintiffs allege Defendants manipulated. They consist of the incremental amount above or below the prevailing NYMEX futures price of gasoline. OPIS Spot Prices include both OPIS Spot Differentials and the prevailing NYMEX futures price of gasoline.

Because Mr. Schaps's opinions regarding [redacted] are not based on any relevant expertise or pre-litigation research, they do not satisfy Rule 702 and should be excluded. *See* Fed. R. Evid. 702(a); *United States v. Chang*, 207 F.3d at 1171–74 (affirming exclusion of finance expert's testimony because he lacked training or experience in identification of counterfeit securities); *Lucido v. Nestle Purina Petcare Co.*, 217 F. Supp. 3d 1098, 1103-07 (N.D. Cal. 2016); *Wilson*, 163 F.3d at 937-38; *City of Grass Valley*, 2008 WL 544388, at *2.

**2. Mr. Schaps's Opinions Regarding Defendants' [redacted] Lack Any Reliable Methodology and Are Irrelevant.**

The trial court's role is to perform a "gatekeeping function" to "ensure that all admitted expert testimony is both relevant and reliable." *Grodzitsky*, 957 F.3d at 984. Mr. Schaps's opinions are neither and should be excluded. [redacted]

**a) Mr. Schaps's Opinions Regarding Defendants' [redacted] Are Not Reliable.**

[redacted]

[redacted] *See Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015) (holding that expert testimony is inadmissible if it "simply rehashes" information about which the expert has no personal knowledge) (citing *Highland Capital Mgmt. L.P. v. Scheider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005)); *accord In re Rezulin Products Liab. Litig.* (*Rezulin*), 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004).

Turning to his opinions: Mr. Schaps [redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

[redacted]

[redacted]. *In re Ford Tailgate Litig.* (*Ford*), 2015 WL 7571772, at *9 (N.D. Cal. Nov. 25, 2015) (opinion of damages expert excluded because it reflected only "the *ipse dixit* of the expert") (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

[redacted] *See* Expert Report of Jeffrey H. Harris dated April 14, 2023, at ¶ 129, Exhibit 1 to the April 14, 2023 Declaration of Jeffrey M. Davidson in Support of Defendants' Joint Opposition to Plaintiff's Motion for Class Certification (hereinafter referred to as "Harris"). Defendants' expert, Dr. Jeffrey H. Harris, is the Gary Cohn Goldman Sachs Chair in Finance at American University. Harris at ¶ 1. Dr. Harris previously served as Chief Economist of the U.S. Commodity Futures Trading Commission (CFTC) and as Chief Economist and Director of the Division of Economic and Risk Analysis at the U.S. Securities and Exchange Commission (SEC). *Id.* at ¶ 1. Dr. Harris explains that [redacted]

[redacted]

[redacted]

[redacted]

[redacted] Mr. Schaps's opinions are not grounded in a sound methodology and thus should be excluded as unreliable. *See Open Text*, 2015 WL 349197, at *2; *Ford*, 2015 WL 7571772, at *9.

**b) Mr. Schaps's Opinions Regarding Defendants' [redacted] Are Irrelevant and Unhelpful.**

Mr. Schaps's opinion regarding [redacted] is irrelevant and should be excluded. *See Daubert*, 509 U.S. at 591-92 (holding that even if an expert's opinion is reliable, it will be inadmissible if it is unhelpful to the trier of fact). [redacted]

[redacted]

[redacted]

Accordingly, Mr. Schaps's opinions regarding Defendants' [redacted] are inadmissible because they are irrelevant and unhelpful to the Court. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591-92.

**B. Mr. Schaps's Opinion that [redacted] Should Be Excluded.**

Mr. Schaps opines that [redacted] Mr. Schaps's opinion should be excluded because (1) he is not qualified to opine about [redacted], and (2) his opinion is an improper summarization of the discovery record and public documents.

**1. Mr. Schaps Is Not Qualified to Opine that [redacted]**

[redacted]

[redacted] But Mr. Schaps's [redacted] are not sufficient to qualify him as an expert with "specialized knowledge" under Rule 702. *See Lucido*, 217 F. Supp. 3d at 1103-04 (veterinarian's opinion regarding clients' preferences about dog food was excluded as not based on specialized veterinary knowledge, but only on personal experience).

**2. Mr. Schaps's Opinion that [redacted] Is an Improper Narrative Summary.**

"[S]imple inferences drawn from uncomplicated facts" are not proper expert testimony. *Rezulin*, 309 F. Supp. 2d at 551. Mr. Schaps concedes that his opinion that [redacted] Where expert testimony "simply rehashes" information about which the expert "has no personal knowledge, such evidence—taken on its own—is inadmissible." *Fujifilm*, 2015 WL 757575, at *27 (internal quotation marks and citations omitted). [redacted] "is properly presented through percipient witnesses and documentary evidence," not through an evidentiary summation masquerading as expert testimony. *Fujifilm*, 2015 WL 757575, at *27 (quoting *Rezulin*, 309 F. Supp. 2d at 551).

The other bases identified by Mr. Schaps in support of this opinion are also unreliable and unsupported by any objective methodology. He claims that the [redacted] are also unsupported by any objective explanation or data, and thus

fail to satisfy Rule 702. *See* Fed. R. Evid. 702 (expert testimony must be "based on sufficient facts or data" and the "product of reliable principles and methods").

Mr. Schaps also claims that [redacted] Because Mr. Schaps applied no sound methodology to reach his opinion, it should be excluded. *See Grodzitsky*, 957 F.3d at 987; *Open Text*, 2015 WL 349197, at *2.

**C. Mr. Schaps's Opinion that Defendants [redacted] Should Be Excluded.**

Mr. Schaps opines that Defendants' [redacted] Mr. Schaps's opinion should be excluded because (1) he is not qualified to opine about [redacted]

[2] [redacted]

[redacted], and (2) because his opinion is unreliable, irrelevant, and inadmissible.

**1. Mr. Schaps Is Not Qualified to Opine About [redacted]**

Mr. Schaps opines that [redacted]

[redacted] While experience alone can be sufficient, in some cases, to qualify an expert, the experience must be relevant to the expert's opinions. *See Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (affirming exclusion of opinion about the customs of the cruise line business offered by a travel industry expert with 30 years of experience because she never worked in the cruise indu[redacted]

[redacted] As such, his opinions do not satisfy Rule 702 and should be excluded. *See* Fed. R. Evid. 702(a); *Lucido*, 217 F. Supp. 3d at 1103-07; *Samuels*, 656 F.3d at 953; *Wilson*, 163 F.3d at 937-38; *City of Grass Valley*, 2008 WL 544388, at *2.

### 2. Mr. Schaps's Opinion that Defendants [redacted] Is Unreliable and Unsupported by Any Objective Methodology.

Mr. Schaps's opinion that [redacted] should be excluded because it is not based on any objective analysis or methodology, is irrelevant, and improperly encroaches on the factfinder's role.

#### a) Mr. Schaps's [redacted] Are Purely Subjective and Unreliable.

[redacted]

[redacted]

[redacted]

[redacted] Mr. Schaps's "analysis" simply has no principled basis and cannot pass for expert testimony. *See Daubert*, 509 U.S. at 593 ("Ordinarily, a key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested."); *Lust*, 89 F.3d at 597 (finding expert methodology unscientific when not subjected to peer review and expert unable to point to objective source demonstrating methods generally accepted or espoused in field).

[redacted]

[redacted] [redacted] *See Ford*, 2015 WL 7571772, at *9; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997).

**b) Mr. Schaps's Opinion Regarding [redacted] Is an Improper Narrative Gloss of the Discovery Record and Public Documents.**

Mr. Schaps's opinion that Defendants [redacted] should be excluded for the additional reason that it consists merely of his characterization of communications and documents in the record. Expert testimony must be useful to a finder of fact by deploying specialized knowledge and skills to aid in the interpretation of evidence. *See Diviero*, 114 F.3d at 853. It is inadmissible if it "addresses lay matters which a [factfinder] is capable of understanding and deciding without the expert's help." *McClellan v. I-Flow Corp.*, 710 F. Supp. 2d 1092, 1136 (D. Or. 2010). As such, expert testimony cannot be presented to the factfinder "solely for the purpose of constructing a factual narrative based upon record evidence." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 613 F. Supp. 3d 1308, at 1322 (S.D. Cal. 2020). Such testimony is inadmissible because it is unhelpful. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591-92.

Instead of deploying specialized expertise, Mr. Schaps simply parrots Plaintiffs' allegations that [redacted]. *See Rezulin*, 309 F. Supp. 2d at 551 (excluding expert's narrative "glosses" consisting of "simple inferences drawn from uncomplicated facts); *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 565, 567 (11th Cir. 1998) (expert's "characterizations of documentary evidence as reflective of collusion" do not assist the factfinder); *Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013). This is an analysis that the factfinder

is "fully capable of understanding . . . through the use of its common knowledge and common sense." 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, ¶ 702.03[2][a], at 702–36. The evidence is for the factfinder to assess, and simple recitation of that evidence and Plaintiffs' views is precisely the sort of testimony experts are prohibited from offering. *AFMS LLC v. United Parcel Service Co.*, 2014 WL 12515335, at *4 (C.D. Cal. Feb. 5, 2014).

**c) Mr. Schaps's Opinion that Defendants [redacted] Should Be Excluded Because It Is a Poorly Disguised Legal Conclusion.**

Finally, Mr. Schaps's opinion about [redacted] should also be excluded because it essentially amounts to an instruction to the factfinder on inferences that should be drawn on the facts at issue in this case. It is for the factfinder, not Mr. Schaps, to apply the law to the facts. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2018 WL 6511146, at *3, *7 (N.D. Cal. Dec. 11, 2018); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3*, 313 F. Supp. 2d 213, 239–40 (S.D.N.Y. 2004). Experts cannot "invade[] the province of the trial judge" and "[u]nder either [Rule 701 or Rule 702], evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058-60 (9th Cir. 2008). Mr. Schaps's discussion of the evidence, and his conclusion that such evidence demonstrates [redacted], is not proper expert testimony, and would serve only to invade the province of the factfinder on the ultimate legal issues of the case. *See, e.g.*, *Walker v. Contra Costa Cnty.*, 2006 WL 3371438, at *5 (N.D. Cal. Nov. 21, 2006); *Nationwide*, 523 F.3d at 1058 (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).

**D. Mr. Schaps's Opinion that [redacted] Should Be Excluded.**

Mr. Schaps's opines that [redacted] Schaps at ¶ 9. This opinion should be excluded because (1) Mr. Schaps has no specialized knowledge relating to [redacted], and (2) because Mr. Schaps's opinion is unsupported and unreliable.

**1. Mr. Schaps Is Not Qualified to Opine that [redacted].**

Mr. Schaps's opinion that [redacted]. *See Lucido*, 217 F. Supp. 3d at 1103 (citing *Henderson v. Corelogic Nat'l Background Data, LLC*, 2016 WL 354751, at *2 (E.D. Va. Jan. 27, 2016) ("[C]ourts have consistently distinguished between testimony requiring 'specialized knowledge' within the purview of Rule 702, and 'particularized knowledge that the witness ha[s] by virtue of his position,' which is a permissible foundation for lay testimony.").

[redacted]

- [redacted]
- [redacted]

[redacted]

[redacted]

[redacted]

Because Mr. Schaps has no relevant, specialized knowledge regarding [redacted], his opinion should be excluded. *See* Fed. R. Evid. 702(a); *Samuels*, 656 F.3d at 953; *Wilson*, 163 F.3d at 937-38; *Lucido*, 217 F. Supp. 3d at 1103-07.

### 2. Mr. Schaps's Opinion that [redacted] Is Unsupported and Unreliable.

Mr. Schaps's opinion that [redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

[redacted].

[redacted] *See Mariscal v. Graco, Inc.*, 2014 WL 4245949, at *7 (N.D. Cal. Aug. 27, 2014) (excluding expert's opinions based on personal experience because the expert did not study or analyze the relevant information necessary for his opinion to have "any substantial factual basis").

During his deposition, Mr. Schaps testified that the basis for his conclusion that [redacted]

[redacted]

[redacted] The basis for his ad hoc opinion is nowhere to be found

in any scholarly text or academic paper, and cannot be tested or replicated by anyone other than Mr. Schaps. It is improper expert testimony and should be excluded. *See Gen. Elec. Co.*, 522 U.S. at 146 ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

**E. Mr. Schaps's Opinion that [redacted] Is Not Based on Specialized Knowledge.**

Mr. Schaps's opinion that [redacted] Expert testimony must be useful to a finder of fact by deploying specialized knowledge and skills to aid in the interpretation of evidence. *See McClellan*, 710 F. Supp. 2d at 1136 ("It is well established that expert testimony is not helpful if it simply addresses lay matters which the jury is capable of understanding and deciding without the expert's help.") (citations and internal quotation marks omitted); *Walker*, 2006 WL 3371438, at *5 (excluding expert testimony when there was "no showing that [the expert's] opinions flow from specialized expertise beyond the ken of the average juror").

No specialized knowledge is necessary to understand whether the [redacted] As such, Mr. Schaps's opinion does not satisfy Rule 702 and should be excluded.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the proposed testimony of Mr. Schaps in its entirety.

Dated: April 14, 2023

Respectfully submitted,

K&L GATES LLP

By: <u>*/s/ Michael E. Martinez*</u>
MICHAEL E. MARTINEZ (*pro hac vice*)
(michael.martinez@klgates.com)
LAUREN NORRIS DONAHUE (*pro hac vice*)
(lauren.donahue@klgates.com)
CLIFFORD C. HISTED (*pro hac vice*)
(clifford.histed@klgates.com)
NICOLE C. MUELLER (*pro hac vice*)
(nicolle.mueller@klgates.com)
BRIAN J. SMITH (*pro hac vice*)
(brian.smith@klgates.com)
JOHN E. SUSORENY (*pro hac vice*)
(john.susoreny@klgates.com)
VICTORIA S. PEREIRA (*pro hac vice*)
(victoria.pereira@klgates.com)
K&L Gates LLP
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121

DEREK A. SUTTON (*pro hac vice*)
(derek.sutton@klgates.com)
K&L Gates LLP
4350 Lassiter at North Hill Avenue, Suite 300
Raleigh, North Carolina 27609
Telephone: (919) 743-7300

*Attorneys for Defendants SK Energy Americas, Inc.*

COVINGTON & BURLING LLP

By: */s/ Jeffrey M. Davidson*

JEFFREY M. DAVIDSON (SBN 248620)
(jdavidson@cov.com)
PHILLIP WARREN (SBN 89744)
(pwarren@cov.com)
AMY S. HEATH (SBN 312516)
(aheath@cov.com)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000

JOHN S. PLAYFORTH (*pro hac vice*)
(jplayforth@cov.com)
CAROL WEILAND (*pro hac vice*)
(cweiland@cov.com)
JEFFREY CAO (SBN 313389)
(jcao@cov.com)
LORI TAUBMAN (*pro hac vice*)
(ltaubman@cov.com)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-60000

*Attorneys for Defendants SK Energy Americas, Inc., and David Niemann*

SUSMAN GODFREY LLP

By: */s/ Michael C. Kelso*
NEAL MANNE (SBN 94101)
(nmanne@susmangodfrey.com)
ALEX KAPLAN (*pro hac vice*)
(akaplan@susmangodfrey.com)
MICHAEL CRAIG KELSO (*pro hac vice*)
(mkelso@susmangodfrey.com)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

AMANDA K. BONN (SBN 270891)
(abonn@susmangodfrey.com)
ELIZA FINLEY (SBN 301318)
(efinley@susmangodfrey.com)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

GENEVIEVE VOSE WALLACE (*pro hac vice*)
(gwallace@susmangodfrey.com)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Attorneys for Defendants Vitol Inc. and Brad Lucas*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Steven Madison*

JOHN B. QUINN (SBN 90378)
(johnquinn@quinnemanuel.com)
STEVEN G. MADISON (SBN 101006)
(stevemadison@quinnemanuel.com)
SHON MORGAN (SBN 187736)
(shonmorgan@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000

JOHN POTTER (SBN 165843)
(johnpotter@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

*Attorneys for Defendant Vitol Inc.*

**FILER'S ATTESTATION**

I, Michael E. Martinez, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel listed above have concurred in this filing.

Dated: April 14, 2023

By: */s/ Michael E. Martinez*

Michael E. Martinez