ROB BONTA
Attorney General of California
PAULA BLIZZARD
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
ERIC J. CHANG
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3567
  E-mail:  eric.chang@doj.ca.gov
*Attorneys for the People of the State of California*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION | CASE NO: 3:20-CV-03131-JSC<br><br>**NON-PARTY CALIFORNIA ATTORNEY GENERAL'S STATEMENT IN SUPPORT SEALING OF CONFIDENTIAL MATERIAL** |

1

**INTRODUCTION**

Pursuant to Civil Local Rules 79-5(f)(3), 79-5(c)(1), and the Protective Order entered by this Court, Dkt. 511, Non-Party the California Attorney General's Office (AGO) provides the following Statement in support of sealing confidential material.

AGO was notified on June 27, 2023 that Plaintiffs and Defendants in this action provisionally filed confidential material under seal in connection with Plaintiff's Motion for Class Certification (Dkt. 512), Defendants' Joint Opposition to Motion for Class Certification (Dkt. 529), Plaintiff's Reply in Support of Motion for Class Certification (Dkt. 533), and Defendants' Motion to Exclude the Opinions of Plaintiffs' Expert Professor Craig Pirrong (Dkt. 545). These materials, exceeding 2000 pages, were filed in unredacted form as attachments to Plaintiffs' and Defendants' motions, oppositions, and replies. These materials are connected to the San Francisco Superior Court case, *The People of the State of California v. Vitol Inc.,* No. CGC-20-584456,[1] and they include expert reports, deposition transcripts, legal documents, and related exhibits that were all designated as "Highly Confidential" pursuant to a protective order in that case.

After reviewing this confidential material, AGO now submits this Statement in support of a much less extensive and provisional sealing. Specifically, the material AGO seeks to maintain under seal reflects an understanding at present that the materials contain confidential, proprietary or private information produced by additional third parties with the understanding that the information therein would remain confidential. The People lack knowledge concerning whether the third-party information disclosed in the material remains commercially sensitive such that it warrants continued sealing, particularly as it concerns dated information. However, the confidentiality designations requested by those third parties provide indication that, at least at the time the information was provided, it was considered commercially sensitive. The People file this Statement in anticipation that such third parties whose information is disclosed will file declarations (and/or their own statements) supporting the continued sealing.

---

[1] That case is currently stayed as the parties have reached a settlement agreement in principle.

| ECF No. | Document | The Parties' Redactions | AGO's Modified Redactions | Reason for AGO's Redactions |
|---|---|---|---|---|
| 512-1 | Plaintiffs' Motion to Certify a Class | 18:2-3 | No Redactions. | |
| 512-2 | Plaintiffs' Motion to Certify a Class, Ex. 1 (Schaps Report) | p. 60 ¶ 146 & fn. 109; p. 60 ¶ 146 & n. 110; p. 60 ¶ 146 & n. 111; p. 61 ¶149 & n. 116; p. 62 ¶ 149 & n. 117; p. 62 ¶ 151; p. 63 ¶ 152 & n. 123; p. 64-65 ¶ 154 & Figure 11; p. 65 ¶ 155; p. 66 Figure 12 & n. 128; p. 66-67 ¶ 157. | p. 61, n. 116 | Contains information designated by third parties as being highly confidential and that may constitute commercially sensitive and confidential business process and strategies. |
| | | | p. 64-65 ¶ 154 & Figure 11, n. 126<br><br>p. 65 ¶ 155<br><br>p. 66 Figure 12 & n. 128 | Contains information that AGO received from third party price reporting agency, Oil Price Information Service (OPIS), that was designated as being "highly confidential" by OPIS.  The disclosure of this information may harm OPIS by providing for free what OPIS has expended resources collecting and charges its clients for. This may put OPIS at a competitive disadvantage. |
| 529-8 | Defendants' Joint Opposition to Motion for Class Certification, Ex. 6 (Pirrong Deposition Transcript) | 4:13-17; 9:25-10:5; 10:18; 11:13-15. | 4:13-17<br><br>190:9-192:25 | Contains references to information that AGO received from third party price reporting agency, OPIS, that was designated as being "highly confidential" by OPIS.  The disclosure of this information may harm OPIS by providing for free what OPIS has expended resources collecting and charges its clients for. This may put OPIS at a competitive disadvantage. |
| 529-2 | Defendants' Joint Opposition to Motion For Class Certification | 3:28; 17:9-12; 20:11-12 | No redactions. | |

3

| ECF No. | Document | The Parties' Redactions | AGO's Modified Redactions | Reason for AGO's Redactions |
|---|---|---|---|---|
| 529-4 | Defendants' Joint Opposition to Motion For Class Certification, Ex. 2 (Knittel Report) | ¶¶20, FN 21; 100; 101, FN 194; 157, FN 289; 218, FN 395, 396; 225, FN 404; 231, FN 414; 235, FN 425; 265, FN 465, 467; 266, FN 468; 267; 273, FN 475; 297, FN 501, 502; 300, FN 507; 307, FN 514; 337, FN 542; 340, FN 543; 346, FN 551; 364, FN 561; Appx. C-1, C-3, C-8 | No redactions. | |
| 529-7 | Defendants' Joint Opposition to Motion for Class Certification, Ex. 5 (Pirrong Dep. Tr.) | All pages | 200:5-7<br><br>202:10-210:13<br><br>211:16-215:18 | Contains references to information that AGO received from third party price reporting agency, OPIS, that was designated as being "highly confidential" by OPIS. The disclosure of this information may harm OPIS by providing for free what OPIS has expended resources collecting and charges its clients for. This may put OPIS at a competitive disadvantage. |
| | | | 237:8-240:1 | Contains references to documents and information that AGO received from a third party pursuant to an investigative subpoena and that was designated as proprietary. |

4

| ECF No. | Document | The Parties' Redactions | AGO's Modified Redactions | Reason for AGO's Redactions |
|---|---|---|---|---|
| 529-9 | Defendants' Joint Opposition to Motion for Class Certification, Ex. 7 (Pirrong Report) | All pages | p. 10, n. 26, 27<br><br>p. 11, n. 30, 31<br><br>p. 12, n. 32, 34<br><br>p. 13, n. 36, 38<br><br>p. 14, ¶ 29, n. 41, 42<br><br>p. 15, n. 43, 44, 45<br><br>p. 18, ¶ 34, n. 47, 48<br><br>Exhibit B | Contains references to information designated by third parties as being highly confidential and that constitutes commercially sensitive and confidential business process and strategies. |
|  |  |  | p. 29, n. 80, 81<br><br>p. 35, n. 87, 88 | Contains references to information designated by third parties as being highly confidential and that constitutes commercially sensitive financial information, proprietary trading information, confidential business process and strategies. |
|  |  |  | p. 28, ¶ 57, n. 79<br><br>p. 58, n. 121<br><br>p. 72, ¶ 187, n. 130, 131 | Contains references to information that AGO received from third party price reporting agency, OPIS, that was designated as being "highly confidential" by OPIS.  The disclosure of this information may harm OPIS by providing for free what OPIS has expended resources collecting and charges its clients for. This may put OPIS at a competitive disadvantage. |
| 529-10 | Defendants' Opp. To Class Cert., Ex. 8 (Pirrong Reply Report) | All pages | p. 44, ¶ 162, n. 69<br><br>p. 48, ¶ 172, n. 82<br><br>p. 78 | Contains references to information that AGO received from third party price reporting agency, OPIS, that was designated as being "highly confidential" by OPIS.  The disclosure of this information may harm OPIS by providing for free what OPIS has expended resources collecting and charges its clients for. This may put OPIS at a competitive disadvantage. |

| ECF No. | Document | The Parties' Redactions | AGO's Modified Redactions | Reason for AGO's Redactions |
|---|---|---|---|---|
| 529-15 | Defendants' Joint Opposition to Motion for Class Certification, Ex. 13 (Marx Report) | All pages | p. 10, ¶17, n. 13<br><br>C-2, n. 115 | Contains information designated by third parties as being highly confidential and that may constitute commercially sensitive and confidential business process and strategies. |
|  |  |  | p. 11, Figure 1, n. 14<br><br>C-1, n. 106, 108<br><br>C-2, n. 110, 111, 112, 115<br><br>G-1 to G-9.3. | Contains references to information that AGO received from third party price reporting agency, OPIS, that was designated as being "highly confidential" by OPIS. The disclosure of this information may harm OPIS by providing for free what OPIS has expended resources collecting and charges its clients for. This may put OPIS at a competitive disadvantage. |

| ECF No. | Document | The Parties' Redactions | AGO's Modified Redactions | Reason for AGO's Redactions |
|---|---|---|---|---|
| | | | p.. 12, n. 18, Figure 2 <br><br> p. 11, n. 16 <br><br> p. 13, Figure 3 <br><br> p. 14, Figure 4 <br><br> p. 17, n. 27, 28 <br><br> p. 18, n. 33 <br><br> p. 24, n. 46 <br><br> p. 25, n. 48 <br><br> p. 27, n. 53 <br><br> p. 37, ¶70, n. 59 <br><br> p. 38, ¶70, Figure 22 <br><br> p. 39, ¶73, n. 63, Figure 23 <br><br> p. 40, Figures 24, 25 <br><br> p. 41, Figure 26 <br><br> p. 48, n. 79 <br><br> B-1, B-5, B-7, B-14, Materials relied upon <br><br> C-6 to C-7 <br><br> E-1 to E-7 | Contains references to information designated by third parties as being highly confidential and that constitutes commercially sensitive financial information, proprietary trading information, confidential business process and strategies. |
| 533-3 | Defendants' Motion to Exclude the Opinions of Plaintiffs' Expert Professor Craig Pirrong, Exhibit 3 | All pages | No redactions. | |

7

| ECF No. | Document | The Parties' Redactions | AGO's Modified Redactions | Reason for AGO's Redactions |
|---|---|---|---|---|
| 533-4 | Defendants' Motion to Exclude the Opinions of Plaintiffs' Expert Professor Craig Pirrong, Exhibit 4 | All pages | No redactions. | |
| 545-6 | Reply in Support of Motion for Class Certification, Ex. 23 (Knittel Depo. Tr.) | 86:24-25; 89:12-13; 101:8-10; 102:8-9; 212:4-5; 213:2-3; 213:9-10; 216:13; 219:10-20; 226:25-227:19; 228:23-229:23; 230:7-233:19; 234:4-14; 237:19-238:15; 241:3-7; 242:1-12; 243:14-25; 246:1-18; 246:24-247:23; 256:24-258:21; 259:7-261:22 | No redactions. | |

**STANDARD OF REVIEW**

For motions to seal that comply with the local rules, courts apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure

8

and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material . . . " Civil L.R. 79-5(b).

**LEGAL ARGUMENT**

The materials identified above quote or characterize non-public information that was provided to AGO by third parties in the San Francisco Superior Court case, *The People of the State of California v. Vitol Inc.,* No. CGC-20-584456[2] and designated as "Highly Confidential" under a protective order in that case.  Specifically, there are three categories of material: (1) commercially sensitive information provided by gasoline retailers containing business information including pricing strategies, sales data, and sourcing and logistical information and identities; (2) information from OPIS related to its business methodologies and process; and (3) information from reports that AGO received from the third-party publisher, OPIS, that was designated as being "highly confidential" by OPIS.  These reports are sold by OPIS to OPIS's customers.

Sealing is appropriate where court records may serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See e.g., Hetland v. LendingTree, LLC*, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (documents "contain and reflect

---

[2] That case is currently stayed as the parties have reached a settlement agreement in principle.

confidential business information that offers insight into [sealing party's] business model and strategy, and therefore satisfy the 'compelling reasons' standard").[3]

Here, the provisional sealing of the first two categories seeks to protect the confidential business information of non-parties.  The first category consists of information relating to pricing decisions, methodologies, and strategies of different gasoline retailers.  This includes the factors considered, the processes required, and how that information is all applied.  The second category consists of information from OPIS regarding its reports.  Specifically, this information relates to the methods and processes of how these reports are created.  Indeed, Courts have found that pricing strategies, sales data, and business methodologies are all sealable.  *See, e.g., Cox v. Roadrunner Intermodal Servs., LLC*, No. 117CV01056DADBAM, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019) ("Courts have found it appropriate to redact private financial information of competitive value."); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names"); *Stone v. Advance Am., Cash Advance Centers, Inc.,* No. 08CV1549 WQH WMC, 2011 WL 662972, at *1 (S.D. Cal. Feb. 11, 2011) (granting motion to seal "volume and market share").  The last category, quotes and characterizations of OPIS's reports, is regarding information that non-party OPIS charges its clients for and thus OPIS may claim that disclosure of these materials could harm its business processes. Courts have found that where a disclosure would involve "providing for free what [a vendor] has expended resources collecting and charges its clients for," the compelling reasons standard is met.  *McMorrow v. Mondelez Int'l, Inc*., No. 17-CV-2327-BAS-JLB, 2020 WL 406314, at *2 (S.D. Cal. Jan. 24, 2020) (Finding compelling reasons to seal when a party sought to seal unit and sales information that they had received from a third-party research company because "providing for free what [the third party] has expended resources collecting and charges its clients for" would put the research company at a competitive disadvantage.)

---

[3] *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, the sealing is narrowly tailored.  AGO has reviewed over 2000 pages of confidential material and narrowed redactions to 50 pages.

**CONCLUSION**

Accordingly, non-party AGO respectfully submits this statement in support of provisionally sealing the above referenced materials on an interim basis until the third parties' whose information is reflected have the opportunity to appear and seek protection.

Dated:  July 19, 2023                                          Respectfully Submitted,

ROB BONTA
Attorney General of California
MICHAEL W. JORGENSON
Supervising Deputy Attorney General

/s/ Eric J. Chang

ERIC J. CHANG
Deputy Attorney General
*Attorneys for the State of California*

11

*Non-Party California Attorney General's Statement in Support of Sealing*
*3:20-CV-03131*

# CERTIFICATE OF SERVICE

Case Name: **IN RE CALIFORNIA**            No.    **3:20-CV-03131-JSC**
**GASOLINE SPOT MARKET**
**ANTITRUST LITIGATION**

I hereby certify that on July 19, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NON-PARTY CALIFORNIA ATTORNEY GENERAL'S STATEMENT IN SUPPORT SEALING OF CONFIDENTIAL MATERIAL**

**DECLARATION OF ERIC CHANG IN SUPPORT OF NON-PARTY CALIFORNIA ATTORNEY GENERAL'S STATEMENT IN SUPPORT SEALING OF CONFIDENTIAL MATERIAL**

**[PROPOSED] ORDER GRANTING THE PARTIES JOINT ADMINISTRATIVE MOTION TO SEAL AS MODIFIED BY NON-PARTY CALIFORNIA ATTORNEY GENERAL'S STATEMENT IN SUPPORT OF SEALING**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 19, 2023, at San Francisco, California.

| | |
|---|---|
| H. Truong | |
| Declarant | Signature |

SF2020400159
43799703.docx