UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION | Case No. 3:20-cv-03131-JSC<br><br>**SUPPLEMENTAL DECLARATION OF ZACH COOLEY REGARDING CLAIMS ADMINISTRATION** |

I, Zach Cooley, declare as follows:

1. I have personal knowledge of the matters set forth herein, and if called as a witness I could and would testify competently to them.

2. I am a Director for Verita Global, LLC ("Verita") f/k/a KCC Class Action Services, LLC, a firm that provides comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class actions. Verita has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing, and disbursement requirements of settlements to ensure the orderly and fair treatment of class members and all parties in interest.

3. The purpose of this declaration is to provide information related to claims, exclusion requests, and objections received in this matter as well as an update on administration expenses.

## **CLAIM FORMS AND ESTIMATED AVERAGE RECOVERY**

4. The postmark deadline for Class Members to file claims in this matter was January 8, 2025. Verita received 8,175 timely-filed claim forms, of which 1,548 are from businesses and 6,627 from individuals.[1] This reflects a claims rate of approximately 2.55% for businesses and 0.12% for individuals.[2] Verita is in the process of reviewing all the submitted supporting documentation to validate the claimed purchase amounts of the Class Members. The documentation review includes reviewing voluminous receipts, bank statements, tax records, as well as other miscellaneous documents to substantiate the Class Members' claimed purchase amounts.

---

[1] Verita received 125 timely filed claim forms via U.S Mail after my previous declaration – dated January 22, 2025 – was filed. *See* ECF No. 623-1. These claims were processed and entered into Verita's database.

[2] Verita estimated 60,623 businesses and 5,388,673 non-California consumers in the Settlement Class but cautioned that "[t]he estimates that Settlement Class Counsel provides are just that—estimates.") *See* Dkt. 613.

2
SUPPLEMENTAL DECLARATION OF ZACH COOLEY REGARDING CLAIMS ADMINSTRATION

5. Once this documentation review is completed, Verita plans to undergo a deficiency process whereby we allow Class Members the opportunity to provide additional documentation to further validate their claimed purchase amounts. If a claimant responds to the deficiency notice, Verita will review any additional documentation received and update their records accordingly.

6. Subsequently, Verita plans to review the claims for fraud and duplicate submissions, which is a process that will need to be completed *after* the documentation review is finalized, as notes from the documentation review will be utilized – in combination with our other screenings – to make a robust fraud assessment. In addition, should the Court approve the proposal regarding late claims, Verita plans to perform a parallel outreach to individuals who contacted us regarding late claim submission between January 9, 2025, and January 28, 2025, and allow for their submissions to be treated as timely.

7. All previously listed factors will have an impact on the average class member recovery. In particular, before the document and fraud review processes are completed, the number of valid claims and total validly claimed purchase amounts are unknown. Verita therefore cannot provide final average recovery figures.

8. Nonetheless, Verita can give estimates of the average recovery based on the claims rates, the results of the documentation review so far, and reasonable assumptions. Verita is currently working under the assumption that there will be roughly $728,848 available for payout to consumers in the Non-California Consumer Pool and $4,130,143 for payout to businesses in the Business Pool.[3] Based on the trends detected in the documentation review so far, we are anticipating that total payments from the Non-California Consumer Pool will be roughly $4,623, which would correspond to full recovery of the corresponding single damages for valid consumer claimants and therefore result in the unused funds spilling over to the Business Pool.[4] That would then increase the Business

---

[3] This is based on the following assumptions: $6,554,433.95 in counsel expenses, $564,000 in claims administration fees; $15,000 in service awards, $144,851.01 in interest, and $2,082,425.12 in counsel fees.

[4] *See* ECF No. 601-3 (Plan of Allocation), Clause 27 ("If the pro rata distribution of the funds in (footnote continued)

1  Pool to $4,854,369, and it is anticipated that all funds will be used for payouts to the valid business
2  claimants without a further spillover. Based on these assumptions and the data we have at present,
3  we anticipate the average payments will be $20.61 for the consumer claimants and $800.88 for the
4  business claimants. For the business claimants, the top 13 claims were removed before the
5  calculation of this projected average, as the projected payouts for these claims are above $20,000
6  and would heavily skew the average payment amount. If these 13 claims were included, the
7  estimated average payment to the business claimants would be $11,088. Please note that these
8  estimates depend on various assumptions, and that the final numbers may deviate depending,
9  amongst others, on the results of the documentation review, the planned deficiency process, the
10 fraud review, and any allowed late claims.

## EXCLUSION REQUESTS

9. The notice informs Class Members that requests for exclusion from the Class must be postmarked no later than January 8, 2025. Verita has not received any additional exclusion requests from the list that was previously reported on January 22, 2025. *See* ECF No. 623-1.

## OBJECTIONS TO THE SETTLEMENT

10. The notice informs Class Members that objections to the Settlement must be postmarked no later than January 8, 2025. From October 2 through February 28, Verita has not received any timely or untimely objections to the Settlement.

## ADMINISTRATION COSTS

11. Through January 31, 2024, Verita has incurred $312,611.61 in administration costs. Verita estimates that it will incur a total of $564,000 in administration costs, but that the final number

---

an Allocation Pool to Eligible Claimants within that pool as set forth in paragraphs 22-26 would result in Eligible Claimants in that pool receiving more than their collective single damages (based on the below calculations), then the amount initially allocated to that pool that is in excess of the pool's Eligible Claimants' collective single damages shall be allocated to the other pool until that pool's Eligible Claimants have also received their collective single damages. Any remaining excess shall be divided between the pools with the Non-CA Consumer Pool receiving []15% of the excess and the Business Pool receiving []85% of the excess.").

4

SUPPLEMENTAL DECLARATION OF ZACH COOLEY REGARDING CLAIMS ADMINSTRATION

may deviate depending, amongst others, on the scope of the documentation review, responses to the planned deficiency process, the extent of the fraud review, and any allowed late claims.

I, Zach Cooley, declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of February 2025, at Louisville, Kentucky.

_____
Zach Cooley

SUPPLEMENTAL DECLARATION OF ZACH COOLEY REGARDING CLAIMS ADMINSTRATION