UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION | Case No. 3:20-cv-03131-JSC<br><br>**ORDER RE: PLAINTIFFS' RENEWED MOTION FOR SERVICE AWARDS**<br><br>Re: Dkt. No. 635 |

On March 14, 2025, the Court granted Plaintiffs' motion for final approval of the class action settlement and granted in part and denied in part Plaintiffs' motion for attorneys' fees, costs, and service awards for the representative Plaintiffs. (Dkt. No. 631.[1]) As relevant here, the Court denied Plaintiffs' request for service awards because Plaintiffs failed to justify the requested awards with any evidence demonstrating the quantity or quality of the Settlement Class Representatives' service. (*Id*. at 18.) Plaintiffs' unopposed motion for leave to file a renewed motion for service awards and renewed motion for service awards is now pending before the Court. (Dkt. No. 635.) Having considered the motion and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion.[2]

**DISCUSSION**

In evaluating a request for a service award (also referred to as an "incentive award") in class action settlement approvals, courts consider "the actions the plaintiff has taken to protect the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Although the Court entered final judgment on March 24, 2025, the Court retained jurisdiction over certain settlement-related administrative matters, including service awards. (Dkt. No. 633 at ¶ 7.)

interests of the class, the degree to which the class has benefitted from those actions ... [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Incentive awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputation risk undertaken in bringing the action, and, sometimes to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The decision to approve an incentive award is a matter within the court's discretion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).

In determining whether an incentive award is reasonable, courts generally consider:

> (1) the risk to the class representative in commencing a suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Covillo v. Specialtys Café*, No. C–11–00594-DMR, 2014 WL 954516, at *8 (N.D. Cal. Mar. 6, 2014) (quoting *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995)). A class representative must justify an incentive award through "evidence demonstrating the quality of plaintiff's representative service," such as "substantial efforts taken as class representative to justify the discrepancy between [his] award and those of the unnamed plaintiffs." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008). Further, district courts must evaluate each incentive award individually. *See Staton*, 327 F.3d at 977.

Plaintiffs seek incentive awards of $5,000 each for the three Settlement Class Representatives: Fricke-Parks Press, Inc., Bogard Construction, Inc., and Ritual Coffee Roasters, Inc. Plaintiffs contend the awards are warranted because they (1) assumed reputational and financial risk by publicly associating their businesses with litigation challenging major players in the California gasoline market; and (2) spent dozens of hours over nearly five years responding to discovery, sitting for depositions, and coordinating with counsel through class certification and ultimately a successful mediation. The Settlement Class Representatives have now submitted declarations in support of the request attesting they spent between 20-59 hours on the litigation.

1  (Dkt. No. 635-1, Fricke-Parks Decl. at ¶¶ 5-7 (attesting to over 16 hours reviewing and compiling
2  documents, a half-day deposition, and over 20 phone conferences with counsel); Dkt. No. 635-2,
3  Bogard Decl. at ¶ 7 (attesting to "no less than 50 hours over the course of the litigation); Dkt. No.
4  635-3, Ritual Decl. at ¶ 10 ("In total, Ritual spent approximately fifty-nine hours participating in
5  this litigation.").

6  Given the above, the Court is satisfied the Settlement Class Representatives' individual
7  contributions to this case warrant an incentive award. Further, the requested $5,000 incentive
8  award is reasonable and does not "undermine the adequacy of the class representatives." *Radcliffe*
9  *v. Experian Info. Sols. Inc*., 715 F.3d 1157, 1163 (9th Cir. 2013). Accordingly, the Court
10 GRANTS Plaintiff's motion and awards the three Settlement Class Representatives Fricke-Parks
11 Press, Inc., Bogard Construction, Inc., and Ritual Coffee Roasters, $5,000 each.

12 This Order disposes of Docket No. 635.

13 **IT IS SO ORDERED.**

14 Dated: April 30, 2025

JACQUELINE SCOTT CORLEY
United States District Judge