[Submitting counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CALIFORNIA GASOLINE SPOT MARKET ANTITRUST LITIGATION | Case No. 3:20-cv-03131-JSC<br><br>**CLASS PLAINTIFFS' REQUEST FOR ORDER AUTHORIZING SECOND DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**<br><br>Re: Dkt. No. 631, 641 |

## I.    INTRODUCTION

The Court previously granted final approval of the Settlement Agreement,[1] awarded attorneys' fees, expenses, and service awards, and authorized distribution of the Net Settlement Fund to Eligible Claimants. Dkt. Nos. 631, 637, 641. The Settlement Administrator, Verita, completed the initial distribution of the Net Settlement Fund on December 31, 2025, issuing 869 payments totaling $4,793,743.72: $4,785,176.46 to 691 valid business claimants and $8,567.26 to 178 valid individual claimants. Declaration of Zachary Cooley in Support of Class Plaintiffs' Request for Order Authorizing Second Distribution of Class Action Settlement Funds ("Cooley Decl."), ¶ 4. Pursuant to the Plan of Allocation, claimants had six months, or until June 30, 2026, to claim their payments. Dkt. No. 601-3, ¶ 29. That deadline has now passed. As of June 30, 2026, 834 Eligible Claimants—665 business claimants and 169 individual claimants—had claimed payments totaling $4,738,892.90, and 35 payments totaling $54,850.82 went unclaimed. Cooley Decl., ¶ 5. Because a distributable balance remains in the Net Settlement Fund, Class Plaintiffs seek an order authorizing a second distribution to Eligible Claimants who claimed their initial payments, consistent with the Plan of Allocation.

## II.    SECOND DISTRIBUTION OF CLASS SETTLEMENT FUNDS

The Settlement Administrator estimates that $327,125 remains in the Net Settlement Fund, which includes uncashed/unclaimed payments, a reserve fund from the first distribution, and interest. Cooley Decl., ¶ 6. After deducting $17,133 in estimated administration expenses associated with the second distribution, approximately $309,992 is available to distribute to Eligible Claimants. *Id*.

The Plan of Allocation provides that any distributable balance remaining in the Net Settlement Fund six months after distribution may be redistributed among those Eligible Claimants who cashed their checks and who would receive at least $15 from the redistribution, after payment of any additional administration costs. Dkt. No. 601-3, ¶ 29. Consistent with that provision, the Settlement Administrator calculated a redistribution to the 834 Eligible Claimants who claimed their initial payments as follows: each Eligible Claimant will receive a minimum payment of $15, and the funds remaining after payment of the $15 minimums will be allocated *pro rata* based on validated claim amounts. Cooley Decl., ¶ 7.

---

[1] Capitalized terms have the same meaning as in the Settlement Agreement, unless otherwise noted.

CLASS PLAINTIFFS' REQUEST FOR ORDER AUTHORIZING SECOND DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS
CASE NO. 3:20-cv-03131-JSC

Under this calculation, 499 Eligible Claimants whose *pro rata* share would otherwise fall below $15 will receive the $15 minimum payment ($7,485 in total), and the remaining $302,507.05 will be allocated *pro rata* among the other 335 Eligible Claimants. *Id.* This approach ensures that every participating claimant receives at least $15 from the redistribution, consistent with the Plan of Allocation, and distributes as much of the money to the class in as simple a manner as possible. *See In re Transpacific Passenger Air Transportation Antitrust Litig.*, 2023 WL 1428565, at *3 (N.D. Cal. Jan. 19, 2023) (approving redistribution).

The average, median, maximum, and minimum second-distribution payments for individual and business claimants are as follows (Cooley Decl., ¶ 8):

|  | Individual Claimants | Business Claimants |
|---|---|---|
| **Average** | $15.06 | $462.33 |
| **Median** | $15.00 | $15.24 |
| **Maximum** | $25.69 | $91,456.00[2] |
| **Minimum** | $15.00 | $15.00 |

In total, the 169 individual claimants will receive $2,545.69 and the 665 business claimants will receive $307,446.36, for a total second distribution of $309,992.05. Cooley Decl., ¶ 8. Payments will be issued using each claimant's previously selected payment method: of the 834 payments, 583 are checks (totaling $303,656.15), 85 are ACH transfers (totaling $3,355.73), 84 are PayPal (totaling $1,739.48), and 82 are Venmo (totaling $1,240.69). *Id.*, ¶ 9. The Settlement Administrator estimates it will take 15 business days to issue payments once approval is received. *Id.*, ¶ 10.

### III.    SETTLEMENT ADMINISTRATION EXPENSES

The Settlement Administrator committed to limiting its costs for settlement administration in this case to $1,000,000. Dkt. No. 601-6, ¶ 37. Through June 30, 2026, the Settlement Administrator has

---

[2] As with the initial distribution, the largest business claimant payment ($91,456.00) is being made to a telecommunications and technology services provider with one of the largest private fleets of vehicles in the United States. Cooley Decl., ¶ 8. This payment is also an outlier—the next largest business claimant will receive less than half the maximum. *Id.*

CLASS PLAINTIFFS' REQUEST FOR ORDER AUTHORIZING SECOND DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS
CASE NO. 3:20-cv-03131-JSC

incurred approximately $650,000 in administration costs. Cooley Decl., ¶ 11. The Settlement Administrator estimates that it will incur $17,133 in additional expenses in connection with the second distribution and post-distribution work. *Id.* Total administration costs will remain below the $1,000,000 cap.

### IV.    NEXT STEPS IN SETTLEMENT ADMINISTRATION

The proposed second distribution should exhaust the distributable balance of the Net Settlement Fund. If any balance remains in the Net Settlement Fund following the second distribution because of unclaimed payments or otherwise, Settlement Class Counsel anticipates that a further redistribution would be uneconomical and intends to seek an order approving the contribution of any remaining balance to one or more non-sectarian, not-for-profit, 501(c)(3) organizations, consistent with the Plan of Allocation. Dkt. No. 601-3, ¶ 30. Class Counsel will file a post-distribution accounting once the Net Settlement Fund has been fully distributed.

### V.    CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court enter an order authorizing the second distribution of the Net Settlement Fund. A proposed order is submitted with this request.

Dated: July 21, 2026                                    Respectfully submitted,

By: /s/ *Christopher L. Lebsock*                        By: /s/ *Dena Sharp*
Michael P. Lehmann (SBN 77152)                          Dena C. Sharp (SBN 245869)
Christopher L. Lebsock (SBN 184546)                     Scott Grzenczyk (SBN 279309)
Kyle G. Bates (SBN 299114)                              Kyle P. Quackenbush (SBN 322401)
**HAUSFELD LLP**                                        **GIRARD SHARP LLP**
600 Montgomery Street, Suite 3200                       601 California Street, Suite 1400
San Francisco, CA 94111                                 San Francisco, CA 94108
Telephone: (415) 633-1908                               Telephone: (415) 981-4800
Facsimile: (415) 358-4980                               Facsimile: (415) 981-4846
mlehmann@hausfeld.com                                   dsharp@girardsharp.com
clebsock@hausfeld.com                                   scottg@girardsharp.com
kbates@hausfeld.com                                     kquackenbush@girardsharp.com

*Settlement Class Counsel*

CLASS PLAINTIFFS' REQUEST FOR ORDER AUTHORIZING SECOND DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS
CASE NO. 3:20-cv-03131-JSC

**FILER'S ATTESTATION**

I, Dena Sharp, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel listed above have concurred in this filing.

/s/ *Dena C. Sharp*
Dena C. Sharp

CLASS PLAINTIFFS' REQUEST FOR ORDER AUTHORIZING SECOND DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS
CASE NO. 3:20-cv-03131-JSC